Quenton N. BROWN,
Petitioner-Appellant,

v.

Robert H. BUTLER, Sr., Warden,
Louisiana State Penitentiary,
Respondent-Appellee.

No. 86–4223
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 5, 1987.

---

Quenton N. Brown, pro se.

Thomas C. Senette, Asst. Dist. Atty., Franklin, La., for respondent-appellee.

Before POLITZ, WILLIAMS and JONES, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

In his habeas petition before the district court, 28 U.S.C. § 2254, Quenton Brown challenged his 1974 Louisiana state conviction for armed robbery. He raised two issues: (1) his privilege against self-incrimination was violated by the testimony of the state psychiatrist who failed to warn Brown of his right to remain silent and of the fact that information revealed in the interview could be used against him, and (2) he was denied due process of law because of the lack of a sanity hearing.

Respondent, Warden Blackburn, filed a motion to dismiss for abuse of the writ pursuant to Rule 9(b) of the Rules Governing § 2254 Cases. Brown never responded to the motion to dismiss, although he was served. After almost two years had gone by, the magistrate filed her report and recommended that the action be dismissed under Rule 9(b). After Brown filed objections to the magistrate's report, the district court adopted the magistrate's report and dismissed the petition for abuse of the writ. Brown filed a timely notice of appeal. The district court denied a Certificate of Probable Cause to appeal. This Court granted CPC and instructed the parties to brief the propriety of the application of Rule 9(b) in light of Brown's explanation that he was unaware of changes in the law which justified his claims.

## I.

Brown's prior federal habeas petition attacking this same conviction had been dismissed. In it he had contended that he was denied the effective assistance of counsel on grounds that: (1) counsel failed to put on an alibi defense, (2) counsel was inadequately prepared to present the defense of insanity because he had failed to procure and introduce documents or subpoena witnesses, and (3) counsel had failed to move for a mistrial when a police officer testified with respect to other crimes committed by Brown. Brown in his brief contends, as he did in district court, that he had not abused the writ because the law had changed while his first federal habeas petition was pending in the federal courts. On the self-incrimination claim Brown relies on *Estelle v. Smith*, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981).[1] On the denial of the insanity hearing claim Brown relies on *Lokos v. Capps*, 625 F.2d 1258 (5th Cir.1980), and *Fulford v. Maggio*, 692 F.2d 354 (5th Cir.1982), *reversed*, 462 U.S. 111, 103 S.Ct. 2261, 76 L.Ed.2d 794 (1983).

Under Rule 9(b), a second or successive petition may be dismissed if the judge finds: (1) it fails to allege new or different grounds for relief and the prior determination was on the merits, or (2) if new grounds are alleged, failure to assert those grounds in a prior petition results in piecemeal legal claims which could have been avoided by reasonable diligence. *See Rudolph v. Blackburn*, 750 F.2d 302, 305 (5th Cir.1984). The district court found that Brown abused the writ because he had failed to raise any new factual or legal issues regarding his insanity defense that could not have been raised by exercising reasonable diligence in presenting his previous habeas petition. The magistrate's report in one brief paragraph also found that the claim of self-incrimination was friv-

---

1. Brown also relied upon Smith's companion case, *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). *Edwards*, however, is not directly relevant and is not considered further in this opinion.

olous and presented no issue that could not have been discovered and raised in the prior petition. *Estelle v. Smith* was not considered or even mentioned.

■ Once the 9(b), abuse of the writ, claim has been raised either by the government or sua sponte, the burden then shifts to the petitioner to answer the allegation and prove by a preponderance of evidence that he has not abused the writ. *Jones v. Estelle,* 722 F.2d 159, 164 (5th Cir.1983) (en banc), *cert. denied,* 466 U.S. 976, 104 S.Ct. 2356, 80 L.Ed.2d 829 (1984). But we act reluctantly in invoking Rule 9(b) because it cuts off full consideration of what might be a serious constitutional claim. *Vaughan v. Estelle,* 671 F.2d 152, 153 (5th Cir.1982).

■ A district court may not summarily dismiss a successive habeas petition without giving the petitioner a reasonable opportunity to explain why his repetitive petition deserves reconsideration or why he failed to raise new grounds in a prior petition. *See Jones v. Estelle,* 692 F.2d 380, 384 (5th Cir.1982). A petitioner must be given at least 10 days in which to explain, and he must be specifically informed that his explanation must consist of facts rather than opinions or conclusions and that dismissal will be automatic if he fails to give sufficient reasons. *Id.; Urdy v. McCotter,* 773 F.2d 652, 656 (5th Cir.1985).

■ These procedural requirements are not met by simply notifying a petitioner that he has 10 days to file objections to the magistrate's recommendation that the action be dismissed on Rule 9(b) grounds. *See Urdy,* 773 F.2d at 656. The district court in the present case failed to accord Brown the procedures assured by the use of the form appended to Rule 9(b). We need not remand the case for this reason, however. In making objections to the magistrate's report, Brown has raised issues and asserted facts delineating his claim that his petition should not be dismissed as a successive petition.

## II.

■ Brown contends that he was unaware of *Estelle v. Smith* when he filed his prior petition. This case was decided on May 18, 1981, six months before the district court's judgment and reasons for judgment were filed, but after Brown had filed his petition.

We conclude that Brown has met his burden of proving no abuse of the writ in this case. He properly relies upon *Estelle v. Smith* as raising a serious question relating to the psychiatric examination and self-incrimination. In *Smith* the Supreme Court held that the admission of a psychiatrist's testimony at the penalty stage violated the Fifth Amendment privilege against compelled self-incrimination because the petitioner was not advised before the pretrial psychiatric examination of his right to remain silent and that any statement he made could be used against him. 451 U.S. at 461–469, 101 S.Ct. at 1871–1876. *Smith* also held that petitioner's right to counsel was violated by the state's introduction of the psychiatrist's testimony at the penalty stage. *Id.* at 469–471, 101 S.Ct. at 1876–1877.

Although the holding in *Smith* was discoverable by attorneys, Brown was proceeding pro se and was in prison. We cannot hold him responsible to the level of a legal practitioner in these circumstances. Brown did not withhold this claim "without legal excuse when he *filed* his earlier petition." (Emphasis added). *Jones v. Estelle,* 722 F.2d at 163. The critical holding had not yet occurred. Without contradiction, Brown specifically denies further that he had any factual or legal knowledge of the holding at the time of the decision on his earlier petition. As pointed out earlier, the case was not mentioned in the magistrate's report adopted by the court. Yet it was obviously relevant. A pro se petitioner is entitled to particular consideration under these circumstances. *Vaughan v. Estelle,* 671 F.2d at 153. *See also Sockwell v. Maggio,* 709 F.2d 341, 344 (5th Cir.1983). For a thorough evaluation of the status of the pro se petitioner, *see Hamilton v. McCotter,* 772 F.2d 171, 178 (5th Cir.1985).

The appellee argues that *Smith* is not applicable because the psychiatrist's statements which appellant challenges are not

incriminatory nor inculpatory. In response, appellant advances the valid argument that his case is analogous to *Estelle v. Smith*, 451 U.S. at 465, 101 S.Ct. at 1874, because the defense presented no psychiatric evidence. So it was not clear what the state was undertaking to rebut by the testimony of the psychiatrist. Appellant challenges four statements by the psychiatrist. At least one of them raises a substantial possibility that its presentation intruded upon appellant's Fifth Amendment right against self-incrimination. We do not decide this issue because it would be a decision on the merits. It is for the district court on remand.

### III.

 The report of the magistrate finding an abuse of the writ focused almost entirely on the issue whether the fact that Brown was denied an insanity hearing was a violation of due process of law. Here we agree with the magistrate and the court. *Lokos* was decided on September 18, 1980, well over a year before the district court's judgment in Brown's prior federal habeas proceeding. Further, in our prior ruling on the earlier habeas petition, we found that Brown's counsel did not prepare an insanity defense because such a defense was not realistically available to the defendant. Appellant conceded that defense counsel did not put on an insanity defense. This portion of the habeas petition was properly dismissed under Rule 9(b) as an abuse of the writ.

### IV.

This case must be remanded for a hearing on the merits of petitioner's claim that his privilege against self-incrimination was violated by psychiatric testimony at the penalty phase of his trial. We find no abuse of the writ in Brown urging this claim in a second federal habeas corpus petition.

AFFIRMED in part and REVERSED in part and REMANDED.