Lawrence R. MATTHEWS, Jr.,
Petitioner–Appellant,

v.

Robert H. BUTLER, Sr., Warden,
Louisiana State Penitentiary,
Respondent–Appellee.

No. 87–3277

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 15, 1987.

---

**20.** *Id.* (quoting *Cornell & Co. v. Barber & Ross Co.,* 360 F.2d 512, 513 (D.C.Cir.1966)) (footnote omitted).

Lawrence Matthews, Jr., pro se.

Joseph H. McCusker, III, Asst. Dist. Atty., New Orleans, La., for respondent-appellee.

Before GEE, GARWOOD and JONES, Circuit Judges.

GARWOOD, Circuit Judge:

Petitioner-appellant Lawrence Matthews, Jr. (Matthews) appeals the district court's denial of his *pro se* petition for federal habeas relief under 28 U.S.C. § 2254. We affirm.

### Facts and Proceedings Below

On October 22, 1969, Matthews, who was represented by court-appointed counsel, pleaded guilty to a charge of simple burglary in a Louisiana state court. The court sentenced him to three years imprisonment. After serving one year of the sentence, Matthews was paroled. While on parole, he was arrested for and convicted of armed robbery. Following the armed robbery conviction, he was found guilty as a multiple offender under La.R.S. 15:529.1 and was given an enhanced sentence of fifty years. The predicate offense for the multiple bill was the simple burglary to which he pleaded guilty in 1969. The armed robbery conviction and sentence were affirmed by the Louisiana Supreme Court in March 1974. *State v. Matthews*, 292 So.2d 226 (La.1974).

Following the affirmance of the armed robbery conviction in 1974, Matthews filed a writ of habeas corpus in the state court that had accepted his guilty plea in 1969. Matthews requested habeas relief on two grounds: (1) that he was not advised of his constitutional rights before pleading guilty to the charge of simple burglary, and (2) that the attorney who represented him in the simple burglary case was incompetent and ineffective. On May 17, 1974, the state court held an evidentiary hearing in which Matthews testified that he had been

tricked into pleading guilty because his attorney had informed him that the witnesses against him were numerous, that the odds were against him, and that he would be sentenced to ninety years in the Louisiana State Penitentiary if he did not plead guilty. Matthews further testified that he had spoken to his attorney for only five seconds prior to pleading, that he was not aware of his rights when he entered the plea, and that if he had been advised of his rights he would not have pleaded guilty.[1] Matthews was represented by counsel throughout the hearing.

The defense attorney who represented Matthews in 1969 also testified at the hearing. Although the attorney could not remember Matthews, he testified that it was his normal procedure to advise clients of their rights under the law and to inform them of possible sentences that could be imposed if the client were convicted. The attorney also testified that before advising a client to plead guilty, he would ask the client about the facts of the case and he would inform the client that he had the right to trial by jury, that he would have no right to appeal if he pleaded guilty, and that by pleading guilty the client was incriminating himself. Finally, the attorney testified that his records from 1969 indicated: (1) that Matthews had informed him that he (Matthews) was intoxicated when the burglary occurred, and (2) that the defense attorney and the prosecutor had made a plea agreement whereby Matthews would receive three years imprisonment if he pleaded guilty to simple burglary.

Matthews' attorney at the state post-conviction hearing closed by arguing that the court did not advise Matthews of his rights in 1969 and that accordingly the plea should be set aside. From the evidence adduced, the court concluded that Matthews was sufficiently advised of his constitutional rights, that the court-appointed attorney was not ineffective or incompetent, and that Matthews knew what he was doing when he entered the plea. The state court thus denied the writ.

Thereafter, in 1975, Matthews filed his first application for federal habeas corpus relief under 28 U.S.C. § 2254. In this application, Matthews argued that his armed robbery conviction was constitutionally infirm because: (1) he was brought into the courtroom during the trial of a confederate for identification by the victim without the advice or presence of counsel; (2) he was interrogated by police without the presence of counsel; (3) the firearm admitted into evidence at this trial was obtained through inculpatory statements made to the police without the required *Miranda* warnings; (4) he was denied the right of confrontation during trial; and (5) the evidence admitted at his co-defendant's murder trial was inadmissible at his (Matthews') robbery trial. The petition was initially referred to a federal magistrate, who recommended that the petition be dismissed as meritless. The district court adopted the magistrate's report and denied the requested relief. The district court denied Matthews' subsequent motion for reconsideration and we declined to issue a certificate of probable cause for purposes of appeal.

In February 1981, Matthews filed a second application for federal habeas relief. In this petition, Matthews alleged that he was improperly sentenced as a multiple offender after the armed robbery conviction because he was on parole for his 1969 simple burglary offense when he committed the armed robbery. Matthews contended that it was not the legislature's intent to use La.R.S. 15:529.1 to enhance the sentence of a parole violator. The petition was referred to a federal magistrate who recommended that it be dismissed. The district court adopted the magistrate's report and ordered that the application be denied. On appeal, we affirmed the district court's denial of relief.

In the same month, Matthews filed yet another application for federal habeas relief (the second 1981 petition). In this petition, Matthews alleged that: (1) his 1969

1. Matthews testified that "it was not until I was in the Penitentiary I became familiar with the law and dug up these rights."

guilty plea was invalid because it was predicated on incompetent advice of counsel, who "failed to afford his client with an understanding of the law in relation to the facts"; (2) he was sentenced as a multiple offender for no other reason than electing to assert his right to a jury trial; and (3) he was unconstitutionally deprived of his right to have a hearing on a *pro se* motion for a change of venue. In support of the first contention, Matthews claimed that had defense counsel investigated the facts leading up to the 1969 simple burglary charge, he would have advised Matthews not to plead guilty because he would have been aware: (1) that Matthews was highly intoxicated at the time of the alleged offense; (2) that there was an open party at the residence that Matthews was accused of burglarizing; and (3) that Matthews had paid a twenty-five cent admittance fee to enter the house. According to Matthews, a "meaningful investigation and thorough consultation would have allowed counsel an opportunity to become familiar with the above facts, and by applying the law he would have competently advised petitioner how to plead."

The magistrate found that Matthews' second allegation was without merit because Matthews never offered proof to support it. Likewise, the magistrate found that the third allegation was without merit because there was no indication in the record that Matthews had filed a *pro se* motion for a change of venue. The magistrate also rejected the first allegation, in which Matthews alleged that his 1969 guilty plea was invalid because it was

based on incompetent advice. In rejecting this allegation, the magistrate adopted the findings set forth in the state court's ruling in the May 17, 1974, evidentiary hearing. Specifically, the magistrate adopted the state court's finding that at the time Matthews entered the guilty plea, he was advised of his constitutional rights, he knew what he was doing, and his counsel was neither ineffective nor incompetent. The district court adopted the magistrate's report and dismissed the petition. We affirmed on appeal.[2]

Then, in February 1987, Matthews filed his fourth petition for federal habeas relief under 28 U.S.C. § 2254. This time he claimed that his 1969 guilty plea was involuntary because: (1) he was not informed of the minimum or maximum penalty that he could receive if he went to trial instead of pleading guilty,[3] and (2) he was not made aware of the essential elements of simple burglary. In particular, Matthews claimed his plea was involuntary because he was not made aware that by pleading guilty he was admitting: (1) that his entry was unauthorized (he claims he paid an admission fee), and (2) that he had the specific intent to commit theft (he claims he was intoxicated, thus he lacked specific criminal intent).[4] Matthews thus concludes that had he "been made aware of the law in relation to the facts constituting the offense, he would not have tendered a guilty plea to simple burglary."

Matthews' petition was referred to a federal magistrate who notified Matthews that the court was considering dismissal under

---

**2.** In our unpublished opinion dated October 6, 1982, we stated that we would not consider the ineffectiveness of counsel issue because it was not raised. In the present appeal, Matthews has filed a "Motion to Supplement Brief and Correct an Error," in which he states that he did in fact raise the ineffectiveness of counsel issue when he appealed the district court's order denying his habeas petition in 1981, but that we mistakenly concluded that the issue was precluded from review on appeal. In the "Motion to Supplement," Matthews therefore requests that he now be allowed to argue the issue on this appeal or, in the alternative, that we now review the issue *de novo*. Although Matthews cannot collaterally attack our earlier decision (his proper remedy was to move for a rehearing then), we

note that the matters with which he seeks to supplement the record do not change the result or the analysis in this opinion.

**3.** Thus, Matthews claims that the "court's failure to notify petitioner [Matthews] of the maximum sentence he could receive left him under the ignorant assumption that he could receive ninety years if he exercised his right to trial."

**4.** The Louisiana simple burglary statute states in pertinent part: "Simple Burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure ... with the intent to commit a felony or any theft therein...." La. Rev.Stat.Ann. § 14:62 (West 1986).

Rule 9(b) of the Rules Governing Section 2254 Cases, which permits dismissal of a habeas petition if the court finds an abuse of writ.[5] In accordance with standard procedures in such cases, the magistrate furnished Matthews with the officially adopted model Rule 9 form on which to explain why his petition should not be dismissed under Rule 9(b), and Matthews was given ten days in which to respond.[6] The state also filed a pleading asserting that under "Rule 9(b)" Matthews' petition "is an abuse of the writ of habeas corpus and the petition should be dismissed."

Matthews responded by stating that his current petition should not be dismissed under Rule 9(b) because the current petition presented "new and novel" claims that were not set forth in the second 1981 petition. According to Matthews, the current petition challenges the "very nature of his 1969 plea," whereas the previous petition attacked the effectiveness of counsel and the competency of his counsel's advice with regard to the 1969 plea. To emphasize the differences between the claims in the two petitions, Matthews stated that the "claim that petitioner was not aware of the essen-

tial elements of the charge to which he entered a plea and that he was not informed of the maximum penalty which he could receive are issues that the court[s] recognize even when counsel is found competent." After reviewing Matthews' petition, the district court found his claims to be without merit. In denying Matthews' request for relief, the district court found that the record supported the conclusion that before pleading guilty, Matthews was aware of the elements of simple burglary as well as the possible ranges of sentences that he was eligible to receive. Matthews now appeals the district court's dismissal of his petition.

## Discussion

While the district court dismissed Matthews' petition on the merits, we affirm the dismissal on the ground that the petition should be dismissed under Rule 9(b).[7] Pretermitting the question of whether Matthews' present petition asserts the exact same claim that was asserted in the second 1981 petition, it is entirely clear from the record that he had no legal excuse for failing to assert his present claim, to the

5. Rule 9(b) provides:
   "**(b) Successive petitions.** A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of writ."

6. The model Rule 9 form, which the magistrate furnished Matthews, commences by quoting Rule 9(a) (entitled "Delayed petitions" and relating to instances where delay in filing the petition has prejudiced the state's ability to respond) and Rule 9(b). The form next, in its part "(II)," advises that the petition has been found subject to dismissal "under rule 9( )." In Matthews' case, the space in this parenthesis was filled in so that the form read "9(b)." Lined blanks then appear in part (II) for statement of reasons (here Matthews' form referenced the magistrate's appended memorandum). On its second page the form provides two differently numbered sections ("4." and "5."), each having its own separate set of blank lines, for the petitioner's use in responding respectively to a suggestion of dismissal under Rule 9(a) (section 4) and under Rule 9(b) (section 5). The form (part "(VII)") instructs "Respond to 4 or 5 below, not

to both, unless (II) above indicates that you must answer both sections." Section 5 reads as follows:
   "5. If your petition is in jeopardy under rule 9(b) because it asserts the same grounds as a previous petition, explain why you feel it deserves a reconsideration. If its fault under rule 9(b) is that it asserts new grounds which should have been included in a prior petition, explain why you are raising these grounds now rather than previously. Your explanation should rely on FACTS, not your opinions or conclusions."
   There then follow several blank lines in which the petitioner is to make his section 5 response as to why dismissal under Rule 9(b) is not appropriate. Matthews utilized these section 5 blank lines (he made no response under section 4) and also appended three separate, typewritten pages of explanation.

7. Although the district court acted on another ground in dismissing Matthews' petition, we can properly affirm its judgment on any proper ground which is established by the record and was adequately raised before it. *See Williams v. Butler*, 819 F.2d 107, 108 n. 1 (5th Cir.1987). Neither the district court nor the magistrate suggested that the petition should *not* be dismissed under Rule 9(b).

extent it may differ from the prior claim, in that previous proceeding. It is well-established that an unexcused failure to assert a claim in a previous petition constitutes an abuse of writ under Rule 9(b) justifying dismissal of a subsequent petition that is based on the thus previously omitted claim. *See Johnson v. McCotter,* 803 F.2d 830, 832 (5th Cir.1986); *Jones v. Estelle,* 722 F.2d 159, 163 (5th Cir.1983), *cert. denied,* 466 U.S. 976, 104 S.Ct. 2356, 80 L.Ed.2d 829 (1984). Because we will not tolerate this needless piecemeal litigation and Matthews' abuse of writ, we conclude that the district court properly dismissed his petition.

█ A Rule 9(b) claim may be raised by the state or by the district court *sua sponte. Daniels v. Blackburn,* 763 F.2d 705, 707 (5th Cir.1985). In either case, once the claim is raised, the petitioner must be given adequate notice that the court is considering dismissal under Rule 9(b). As we stated in *Johnson,* 803 F.2d at 832, and *Urdy v. McCotter,* 773 F.2d 652, 656 (5th Cir.1985), the court must notify the petitioner: (1) that dismissal is being considered, (2) that dismissal will be automatic if the petitioner does not submit a response explaining why a repetitive petition should be reconsidered or why he failed to raise new grounds in a prior petition, and (3) that the response should present facts rather than opinions or conclusions. The model Rule 9 form (which was officially adopted along with Rule 9 and the other rules governing proceedings under section 2254 and which the magistrate furnished Matthews) ensures that a petitioner is afforded the requisite notice of the possibility of summary dismissal and of his obligation to respond and to justify the filing of the successive petition.[8] *Daniels,* 763 F.2d at 707; *Jones v. Estelle,* 692 F.2d 380, 384 (5th Cir.1982).

█ After notifying the petitioner of the possible dismissal under Rule 9(b), the court must then give the petitioner at least ten days in which to respond. *Brown v. Butler,* 815 F.2d 1054, 1057 (5th Cir.1987). After the petitioner is given an opportunity to respond, the court may summarily dismiss the petition under Rule 9(b) if it finds that, as a matter of law, the petitioner has failed to show: (1) that a successive claim was not determined previously on the merits, or (2) that he (the petitioner) neither deliberately withheld a claim from a previous petition nor was inexcusably neglectful in failing to raise a present claim in a previous petition. *Jones,* 692 F.2d at 385. Failure to raise a claim in a prior petition is an abuse of writ within the meaning of Rule 9(b) if the failure is due to inexcusable neglect or deliberate withholding of a ground for relief. *See Mays v. Balkcom,* 631 F.2d 48, 51 (5th Cir.1980).

█ A petitioner may justify his failure to assert a claim in an earlier petition by showing that, at the time of the initial petition, he was unaware of facts that

---

**8.** Providing a model Rule 9 form is not the only way to meet the notice requirements, but is the preferred practice. *See Urdy v. McCotter,* 773 F.2d 652, 657 (5th Cir.1985). Failure to notify the petitioner may be harmless error in cases where there are no facts that the petitioner could allege to prevent his claim from being dismissed under Rule 9(b). *Johnson v. McCotter,* 803 F.2d 830, 833 (5th Cir.1986).

Here, the magistrate, in his appended memorandum referenced in the lined blanks of part (II) of the model Rule 9 form furnished Matthews stating why the petition had been found subject to dismissal under Rule 9(b), and the state in its pleading asserting that Rule 9(b) dismissal was appropriate, each focused on what they perceived to be the substantial identity of the first claim in the second 1981 petition and the claim in the present petition, rather than explicitly on the failure to previously raise

the present claim (to the extent it might be distinct from the prior one). However, under the circumstances we do not consider this significant or prejudicial to Matthews. The model Rule 9 form, which quotes Rule 9(b), calls for a single, discrete response as to why the petition should not be dismissed under Rule 9(b). Further, as applied to the particular situation presented here, any distinction between the two dismissal concepts embraced by Rule 9(b) is largely theoretical and semantic. Moreover, the mental subtlety and legal sophistication necessary to appreciate such a distinction in this case is inconsistent both with lack of comprehension of the need for a full Rule 9(b) response and with prior ignorance of the presently asserted ground for relief. Finally, the record here clearly indicates that no sufficient response was available, as reflected in the text *infra.*

would support habeas relief, or, if he was not represented by competent counsel, that he was unaware of the legal significance of the known facts that would support such relief. *Baker v. Estelle*, 715 F.2d 1031, 1034 (5th Cir.1983), *cert. denied*, 465 U.S. 1106, 104 S.Ct. 1609, 80 L.Ed.2d 138 (1984). Accordingly, a petitioner can avoid dismissal under Rule 9(b) by showing, for example, that new facts have arisen since his prior petition or that the law has changed in some substantive manner in the interim period. *See Rudolph v. Blackburn*, 750 F.2d 302, 305 (5th Cir.1984).[9]

■ In *pro se* cases, however, the courts are careful not to dismiss a habeas petition as an abuse of writ simply because it sets forth a claim that existed when a previous petition was filed. The newly asserted ground must have been known to the petitioner at the time of the earlier petition. *Passman v. Blackburn*, 797 F.2d 1335, 1343 (5th Cir.1986), *cert. denied*, — U.S. ——, 107 S.Ct. 1609, 94 L.Ed.2d 794 (1987). In other words, for the abuse of writ doctrine to apply in a *pro se* case, the petitioner must at least have had actual knowledge of the facts and legal theories that form the basis of the newly asserted claim when he filed the previous petition. *See id.* at 1342–43. *See also Brown*, 815 F.2d at 1057. But as we stated in *Passman*, a *pro se* petitioner "who has actual knowledge of facts or legal theories that might be raised in a petition when the first petition is filed will in general be barred from raising those claims in a successive petition." *Passman*, 797 F.2d at 1342. Moreover, abuse of the writ generally cannot be avoided by urging as assertedly "new" what in essence are mere shades or phases of theories known at the time of the prior petition. Otherwise, Rule 9(b) would be essentially neutered. *See Johnson v. McCotter*, 803 F.2d 830, 833 (5th Cir.1986). *See also Brown*, 815 F.2d at 1058.

■ When asked to respond to the Rule 9(b) allegation in the present case, Mat-

thews asserted that his current claim is different from the claims he asserted in 1981. He offered no explanation of why he failed to assert the present claim in the second 1981 petition, and the record clearly reflects that none is available. There has been no significant change in substantive law justifying his failure to assert the present claim in the second 1981 petition, and he does not rely on new law to support his claim. Indeed, almost all of the cases cited by Matthews in support of his present claim are cases that were decided well prior to 1981.

We also note that the underlying facts in Matthews' case have not changed since 1981, nor does he purport to rely on newly discovered facts to support his present claim. In fact, Matthews now relies on the very same underlying facts (that he was unaware of the elements of the offense and that he was not advised of the range of possible punishment) that he has relied on in his previous petitions for state and federal habeas relief. In his 1974 application for state habeas relief (when he appealed to the Louisiana Supreme Court), for example, Matthews asserted that he was entitled to relief because prior to entering his plea he was not aware of the maximum and minimum penalties that he could receive. Likewise, in his second 1981 federal petition, Matthews stated that he was entitled to relief because he was not informed of the legal significance of his intoxication and his payment of the twenty-five cent admission fee, which he asserted negated two elements (intent and unauthorized entry) of simple burglary. Necessarily encompassed in this claim is the assertion that he did not know that he was pleading guilty to a crime that requires intent and unauthorized entry, which is the same factual assertion that underlies his current claim. Thus, in 1981, when Matthews filed his previous petition, he obviously knew of the underlying facts that support his current claim.

9. These principles generally boil down to the idea that a petitioner can excuse his omission of a claim from an earlier writ if he proves he did not know of the "new" claims when the earlier

writ was filed. *Jones v. Estelle*, 722 F.2d 159, 165 (5th Cir.1983), *cert. denied*, 466 U.S. 976, 104 S.Ct. 2356, 80 L.Ed.2d 829 (1984).

It is likewise clear that Matthews was sufficiently aware of the legal significance of these underlying facts when he filed his second 1981 petition. As previously mentioned, Matthews argued the range of sentence issue to the Louisiana Supreme Court when he sought state habeas relief in 1974. In so doing, he cited cases to support his assertion that "a plea of guilty is invalid as not being understandingly entered if the defendant does not know the maximum penalty for the offense." This is precisely the claim that he makes in his current petition. Thus, it is clear that in 1981 Matthews had actual knowledge of the range of sentence issue that he asserts in his current petition.

Similarly, in his second 1981 federal petition, Matthews claimed that his 1969 plea to simple burglary was invalid because he was not advised of the legal significance of his intoxication and his payment of the twenty-five cent admission fee, which he asserted negated the elements of intent and unauthorized entry. He cited the Louisiana simple burglary statute to show that unauthorized entry is an element of the offense. In his current petition, he argues that his 1969 plea was invalid because he was not advised of the elements of simple burglary. Specifically, he argues that had he been advised that simple burglary required intent and unauthorized entry, he would not have pleaded guilty because at the time of the offense he was intoxicated and he was authorized to enter the premises. Regardless of how he rephrases the argument, the argument is the same: that his 1969 guilty plea is legally invalid because he was not advised that he was admitting a crime that required criminal intent and unauthorized entry. Thus, it is clear that in 1981 Matthews had actual knowledge of the facts and legal theories regarding the elements of offense issue that he asserts in his current petition.

From the face of his previous petitions it is clear that in 1981 Matthews had actual knowledge of the facts and legal theories that form the essential basis of the present claim. Any failure to assert that claim in his second 1981 federal habeas petition thus constitutes a clear abuse of writ. As we stated in *May v. Balkcom,* 631 F.2d 48, 51 (5th Cir.1980), when a habeas petitioner is well aware of an issue before filing a habeas corpus petition, his failure to include the claim "can only be considered inexcusable neglect at best and a deliberate withholding of a ground for relief at worst." We therefore find that Matthews' petition was properly dismissed.

### Conclusion

We conclude that as a matter of law, to the extent Matthews failed to assert his present claim in the second 1981 petition such failure constitutes an abuse of writ under Rule 9(b); otherwise, the present petition merely attempts relitigation of the second 1981 petition, also an abuse of the writ under Rule 9(b). Because the ends of justice do not require and would not be served by consideration of the petition, we affirm its dismissal.

AFFIRMED.