Nolan Anthony SCHOUEST,
Petitioner–Appellant,

v.

John P. WHITLEY, Warden, Louisiana State Penitentiary, and the Attorney General of the State of Louisiana, Respondents–Appellees.

No. 89–3759
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 11, 1991.

Nolan Anthony Schouest, Angola, La., pro se.

Walter Naquin, Jr., Asst. Dist. Atty., Thibodaux, La., for respondents-appellees.

Before POLITZ, JOHNSON and DAVIS, Circuit Judges.

JOHNSON, Circuit Judge:

On the Court's own motion, the prior opinion in this case, 914 F.2d 713 (5th Cir. 1990) is withdrawn, and the following substituted in its place.

Nolan Anthony Schouest appeals the dismissal of his second petition for a writ of habeas corpus. He raises six issues in his second petition, filed in 1989, almost all of which were raised in his first petition, filed in 1981. The district court, adopting the report and recommendation of the magistrate to whom the case had been assigned, dismissed Schouest's second petition as an abuse of the writ, and alternatively, denied it on the merits. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

In 1976 Nolan Anthony Schouest was convicted by a Louisiana jury of second degree murder, and sentenced to life in prison. He is currently serving his sentence at Angola. In 1981 Schouest, acting *pro se*, filed a petition for a writ of habeas corpus in federal district court, pursuant to 28 U.S.C. § 2254. In that petition he raised seven issues; all were fully considered by a magistrate who issued a report that concluded that all of Schouest's allegations were without merit, and recommended that the petition be denied. The district court adopted that report and recommendation, and denied Schouest's petition. Schouest's notice of appeal of that denial was not timely, and his appeal was dismissed.

Eight years later Schouest filed a second petition for a writ of habeas corpus, again proceeding *pro se*. His second petition raises six issues, all but one of which were raised in the first petition. (Although Schouest has in both petitions claimed that his trial counsel was ineffective, his allegations as to the grounds for that claim are

somewhat different in his second petition.) Schouest's second petition was assigned to a magistrate, who, on his own motion, raised the issue of a repetitive petition and abuse of the writ, pursuant to Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Following the well-established rules of this circuit that govern summary dismissal of a habeas petition, *see, e.g., Matthews v. Butler,* 833 F.2d 1165, 1170 (5th Cir.1987), the magistrate informed Schouest that he was considering dismissing the petition, and asked Schouest to explain why he had filed a repetitive petition.

Schouest told the magistrate that his failure to file a timely appeal of his first petition was due to the discharge from the Louisiana state prison of the inmate legal aid service which had helped him prepare his first petition. In order to secure review of his claims by this Court, Schouest decided to raise the same issues again in the district court, have them denied again, and then file a timely appeal. As Schouest told the magistrate, "I am refiling the same grounds in order to retain my appeal rights upon an adverse decision again."

After considering Schouest's reasons for filing a repetitive petition, and otherwise completing his review of Schouest's second petition, the magistrate issued a report that recommended that 1) as to the repeated claims, the petition be dismissed as repetitive, and 2) as to the new claims, the petition be dismissed as an abuse of the writ, or alternatively, denied on the merits. The district court adopted the magistrate's report over Schouest's objections. This time, Schouest has filed a timely *pro se* appeal.

## II. DISCUSSION

### A. *The Issues Raised in Both Petitions*

 It is entirely proper for the district court to raise on its own motion the issue of a repetitive petition or abuse of the writ. *Matthews,* 833 F.2d at 1170; *Jones v. Estelle,* 722 F.2d 159, 163 (5th Cir.1983) (en banc), *cert. denied,* 466 U.S. 976, 104 S.Ct. 2356, 80 L.Ed.2d 829 (1984). Moreover, the decision to dismiss the petition summarily under Rule 9(b) lies within the sound discretion of the trial judge, and will be reversed only for an abuse of that discretion. *Daniels v. Blackburn,* 763 F.2d 705, 707–08 (5th Cir.1985).

 A petition for writ of habeas corpus which merely realleges grounds alleged in an earlier petition may properly be dismissed under Rule 9(b) if the prisoner cannot establish an adequate justification for filing a repetitive petition. *Andre v. Guste,* 850 F.2d 259 (5th Cir.1989); *Daniels,* 763 F.2d at 707. Here, Schouest has filed a successive petition solely for the purpose of resurrecting the right to appeal that he lost when he failed to appeal the denial of his first petition. This Court has already considered this precise issue—

[the prisoner] simply suggests that he should be allowed to maintain the present action because he was unable to appeal his prior petition's dismissal [due to the fault of either his own counsel, the Fifth Circuit, or the United States Postal Service]

—and held that "this reason [resurrection of the right to appeal] is insufficient to prevent the district court from determining that [the] second petition should be dismissed as repetitive pursuant to Rule 9(b)." *Andre,* 850 F.2d at 262. Accordingly, the district court did not err here in dismissing the repetitive portions of Schouest's petition under Rule 9(b).

### B. *The Issues Raised for the First Time in the Second Petition*

As to the arguments that Schouest raises for the first time in his second petition, we again affirm, but for different reasons. The magistrate first considered whether those claims could be dismissed as an abuse of the writ. He concluded that they could, and so recommended. The magis-

---

1. Rule 9(b) provides:

Rule 9. Delayed or Successive Petitions

. . .

(b) Successive petitions. A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

trate went on, however, to consider the merits of Schouest's new claims, and found them to be without substance. Thus, although we hold that Rule 9(b) dismissal of these claims was not proper, we affirm the denial on the merits.

### 1. The Rule 9(b) Dismissal

■ Mindful that *pro se* cases generally are governed by more forgiving standards of pleading than cases in which the prisoner

> is represented by counsel, we have previously noted that the courts are careful not to dismiss a [*pro se* ] habeas petition as an abuse of [the] writ simply because it sets forth a claim that existed when a previous petition was filed. The newly asserted ground must have been known to the petitioner at the time of the earlier petition.

*Matthews,* 833 F.2d at 1171. Thus, when both the first and second petitions are filed *pro se,* the standard for dismissal of the second petition for abuse of the writ is somewhat higher than it is when the prisoner had the benefit of counsel in filing the first petition. "In other words," as the *Matthews* Court explained,

> for the abuse of writ doctrine to apply in a *pro se* case, the petitioner must at least have had *actual knowledge of the facts and legal theories that form the basis of the newly asserted claim* when he filed the previous petition.

*Id.* (Emphasis added.) *See also Passman v. Blackburn,* 797 F.2d 1335, 1343 (5th Cir.1986), *cert. denied,* 480 U.S. 948, 107

S.Ct. 1609, 94 L.Ed.2d 794 (1987) (dismissal of *pro se* habeas petition for abuse of the writ is proper only where petitioner subjectively knew about a particular claim when the earlier petition was filed). The rule is different when the prisoner was represented by counsel in filing his first habeas petition. *See Daniels v. Blackburn,* 763 F.2d 705, 707 (5th Cir.1985) (per curiam) (where petitioner was represented by counsel in filing his first petition, and does not challenge the competency of that counsel in his second petition, he will be charged in the second petition with "the awareness that a competent lawyer would have possessed").

Schouest acted *pro se* in both his petitions. There is not, however, any finding below that Schouest had actual knowledge of the new claims he raises in his second petition at the time he filed his first petition. To the contrary, while the magistrate concluded that, at the time he filed his first petition, Schouest was aware that ineffective assistance of counsel was a recognized basis for habeas relief, the magistrate also found that Schouest had only *constructive* knowledge of the factual basis which underlies his new claims. As the magistrate put it, "the factual basis supporting any claim could be gleaned from a reading of the state record." Accordingly, it was not proper to dismiss these new claims under Rule 9(b).[2]

### 2. The Merits of Schouest's New Claims

■ In both petitions Schouest has claimed that he received ineffective assist-

---

**2.** On a number of occasions, this Court has expressly declined to entertain a claim of ineffective assistance of counsel in a successive habeas corpus proceeding. *See Johnson v. McCotter,* 803 F.2d 830, 833 (5th Cir.1986); *McDonald v. Estelle,* 590 F.2d 153, 155 (5th Cir.1979); *Cunningham v. Estelle,* 536 F.2d 82, 83 (5th Cir. 1976). It is apparent from the language of these cases, however, that they do not impose a blanket rule against successive petitions raising claims of ineffective assistance of counsel. Rather, these decisions simply refused to countenance successive habeas corpus petitions which did no more than restate claims of ineffective assistance of counsel that were raised and disposed of in earlier petitions. *Johnson,* 803 F.2d at 833 ("A claim of ineffective assistance of counsel, once raised, litigated and rejected at an earlier habeas proceeding cannot be

raised in a later proceeding merely by varying the factors allegedly demonstrating incompetency.") (quoting *McDonald,* 590 F.2d at 155).

In *Johnson v. McCotter* the habeas petitioner stated that he did not present all of his ineffective assistance of counsel claims in his prior petition because he was unaware of the legal significance of the new claims at the time of the earlier petition. 803 F.2d at 832. This Court rejected the petitioner's alleged justification for the successive petition. Noting that the petitioner *admittedly knew of the facts that gave rise to the claims asserted in the second petition,* the Court reasoned that the petitioner's second request for habeas relief was simply a variation on an old theme. *Id.* at 833. Rather than squander the Court's time on claims that for all practical purposes had been resolved in the pri-

ance of counsel during his trial: in his second petition Schouest argues that his attorney erred 1) "by allowing the state to introduce [at trial] a report of Dr. Mann without the testimony of Dr. Mann," and 2) by making "no effort to call Dr. Mann or Dr. [Bishop][3] at the sanity hearing." Neither of these arguments was presented in Schouest's first federal habeas petition.[4]

The magistrate carefully considered both of these claims and found them to be without merit. In particular, as to Schouest's complaint about the failure to call Dr. Mann at trial, the magistrate found that 1) both counsel stipulated that Dr. Mann's testimony, had he been called, would have been the same as Dr. Birchard's, and that 2) Dr. Birchard's testimony was entirely consistent with Dr. Mann's report. As to Schouest's claim that his attorney erred in failing to subpoena the doctors at the sanity hearing, the magistrate found that 1) Schouest did not contend that their testimony would have been any different than that of the doctor who did testify, 2) Schouest did not know what the testimony of those doctors would have been, and 3) Schouest acknowledged that at the time of trial he was competent to assist his attorney. Accordingly, we agree with the magistrate's conclusion that Schouest has not met the test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674

(1984), for making out a cognizable claim of ineffective assistance of counsel.

### III. CONCLUSION

Finding that the repetitive portions of Schouest's second habeas corpus petition were properly dismissed pursuant to Rule 9(b), and that there is no merit to Schouest's new contentions, we affirm the judgment of the district court.

**AFFIRMED**

---

or proceeding, the Court dismissed the petition as an abuse of the writ.
The instant case, however, differs markedly from *Johnson.* The magistrate in the instant case was unable to conclude that at the time he filed his first petition Schouest had actual knowledge of the facts that gave rise to the second petition. It is conceivable that, in the absence of prior actual knowledge of his attorney's incompetence, Schouest could raise a valid claim that would require investigation and review. In light of this Circuit's long line of opinions holding that full consideration of the merits of a successive habeas petition cannot be avoided if a *pro se* petitioner in an earlier petition had only constructive knowledge of the facts that give rise to the claims in a second petition, it would be premature for this Court to dismiss Schouest's action as an abuse of the writ of habeas corpus. *See Matthews v. Butler,* 833 F.2d 1165, 1171 (5th Cir.1987); *Passman v. Blackburn,* 797 F.2d 1335, 1343–44 (5th Cir. 1986); *Hamilton v. McCotter,* 772 F.2d 171, 176 (5th Cir.1985); *Daniels v. Blackburn,* 763 F.2d 705, 707 (5th Cir.1985); *Rudolph v. Blackburn,*

750 F.2d 302, 303 (5th Cir.1984); *Jones v. Estelle,* 722 F.2d 159, 163 (5th Cir.1983) (en banc); *Baker v. Estelle,* 715 F.2d 1031, 1034 (5th Cir. 1983), *cert. denied,* 465 U.S. 1106, 104 S.Ct. 1609, 80 L.Ed.2d 138 (1984).

3. Although the magistrate's report quotes Schouest as objecting to his counsel's failure to call one Dr. Birchard at the sanity hearing, it is clear that Schouest was objecting to the failure to call Dr. Bishop. Dr. Birchard did appear and testify at the sanity hearing.

4. It is not clear from the record whether these claims were presented to the Louisiana courts in Schouest's state habeas proceedings. We need not contend with any potential question of failure to exhaust state remedies, however, because, as the magistrate correctly noted, the state has implicitly waived that requirement by both failing to raise it in these proceedings, and responding to Schouest's claims on the merits. *See McGee v. Estelle,* 722 F.2d 1206 (5th Cir. 1984) (en banc).