Edward R. BYRNE, Jr.,
Petitioner–Appellant,

v.

Hilton BUTLER, Warden, Louisiana State Penitentiary at Angola, Louisiana, Respondent–Appellee.

No. 88–4404.

United States Court of Appeals,
Fifth Circuit.

June 13, 1988.

Rebecca Hudsmith, Shreveport, La., Nancy A. Baumgartner, Amanda Potterfield,

**1136**

Patrick R. Grady, Richard E. Kiausner, Cedar Rapids, Iowa, for petitioner-appellant.

Henry N. Brown, Jr., Dist. Atty., Benton, La., for respondent-appellee.

Before RUBIN, KING and HIGGINBOTHAM, Circuit Judges.

On Application for a Certificate of Probable Cause and for a Stay of Execution

PER CURIAM:

Edward R. Byrne, Jr., a state prisoner sentenced to die on June 14, 1988, moves this court for a certificate of probable cause to appeal the district court's denial of his second petition for a writ of habeas corpus and for a stay of execution. The district court carefully considered and rejected each of Byrne's three asserted grounds for habeas relief in a Memorandum Ruling entered on June 11, 1988, a copy of which is attached hereto. Finding that Byrne has failed to make a substantial showing of the denial of a federal right, we deny his application for a certificate of probable cause. Further, we find that Byrne has demonstrated neither a substantial case on the merits nor that the balance of the equities weighs in his favor, and we deny a stay of execution.

Byrne asserts three grounds for habeas relief:

(1) the Louisiana Supreme Court's denial of a new sentencing hearing following its invalidation of one of the three aggravating circumstances found by the jury in the sentencing phase of his trial violates Byrne's eighth amendment rights;

(2) the trial court's failure to instruct the jury on the definition of an "especially heinous, atrocious or cruel" murder violated Byrne's eighth and fourteenth amendment rights; and

(3) the trial court's admonition to the jury not to be influenced by sympathy, passion, prejudice or public opinion limited the jury's consideration of mitigating circumstances in violation of Byrne's eighth and fourteenth amendment rights.

As the district court pointed out, the first of these claims was considered and squarely rejected as a ground for habeas relief by this court in its opinion disposing of Byrne's first habeas petition. *Byrne v. Butler*, 845 F.2d 501, 514–516 and n. 13 (5th Cir.1988). The first claim is, therefore, clearly a successive petition under Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts, and the ends of justice would not be served by reaching the merits again. *Williams v. Lynaugh*, 837 F.2d 1294, 1295 (5th Cir.1988) (quoting *Moore v. Blackburn*, 806 F.2d 560, 564 (5th Cir.1986)).

The second claim, relating to absence of a jury instruction on the heinous, atrocious or cruel aggravating circumstance, was not presented in Byrne's first habeas petition. However, under Rule 9(b), a second petition may be dismissed if the failure of the petitioner to assert a new ground for relief constitutes an abuse of the writ.

A petitioner's failure to raise a ground for relief in a previous habeas petition amounts to an abuse of the writ if he withheld it without legal excuse when he filed his earlier petition. *Jones v. Estelle*, 722 F.2d 159, 163 (5th Cir.1983) (en banc), *cert. denied*, 466 U.S. 976, 104 S.Ct. 2356, 80 L.Ed.2d 829 (1984). On the other hand, "[a] petitioner may in a successive petition assert a new claim based on facts or legal theories about which he had no knowledge when prosecuting his prior habeas petition." *Id.* (footnote omitted). When the petitioner was represented on the prior petition by competent counsel, he is held to possess the knowledge of potential grounds of relief that is chargeable to his counsel. *Id.* at 167.

*Moore v. Butler*, 819 F.2d 517, 519 (5th Cir.1987).

Byrne's second ground for relief is not based on a legal theory about which his counsel could not have known at the time his first petition was filed. The issue has existed at least since the Supreme Court's decision in *Godfrey v. Georgia*, 446 U.S. 420, 100 S.Ct. 1759, 64 L.Ed.2d 398 (1980), and our decisions have recognized that the Supreme Court of Louisiana has adopted

and long applied a narrowing construction of the phrase "especially heinous, atrocious or cruel." *Cf. Moore v. Maggio*, 740 F.2d 308, 318–19 (5th Cir.1984), *cert. denied*, 472 U.S. 1032, 105 S.Ct. 3514, 87 L.Ed.2d 643 (1985). That construction was applied by the Supreme Court of Louisiana on Byrne's direct appeal. *State v. Byrne*, 483 So.2d 564, 576 n. 6 (La.), *cert. denied*, —— U.S. ——, 107 S.Ct. 243, 93 L.Ed.2d 168 (1986). The court carefully considered the facts of the crime and held that the jury could find beyond a reasonable doubt that the crime was committed in a particularly heinous, atrocious or cruel manner, citing *State v. Monroe*, 397 So.2d 1258 (La.1981), *cert. denied*, 463 U.S. 1229, 103 S.Ct. 3571, 77 L.Ed.2d 1411 (1983), one of its principal cases limiting the scope of that phrase. *Id.* Accordingly, Byrne's second asserted ground for habeas relief constitutes an abuse of the writ and, in any event, is without merit.

■ Finally, Byrne's third asserted basis for habeas relief—that the trial court violated his eighth and fourteenth amendment rights by limiting the jury's consideration of mitigating circumstances by admonishing it not to be influenced by sympathy, passion, prejudice or public opinion—was thoroughly considered by the district court. For the reasons set forth in its opinion, we find that Byrne has failed to make a substantial showing of the denial of a federal right.

Application for a certificate of probable cause and for a stay of execution is DENIED.

In the United States District Court for the Western District of Louisiana
Shreveport Division

EDWARD R. BYRNE JR.

versus

HILTON BUTLER, WARDEN, LOUISIANA STATE PENITENTIARY

CIVIL ACTION NO. 88–1563

JUDGE TOM STAGG

MEMORANDUM RULING

This is Edward R. Byrne Jr.'s second petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254. Petitioner's first application for *habeas corpus* relief was denied by this court on August 31, 1987. The grounds asserted in that petition were rejected by the United States Court of Appeals for the Fifth Circuit in *Byrne v. Butler*, 845 F.2d 501 (5th Cir.1988). The facts and procedural history of petitioner's case were meticulously set forth in the Fifth Circuit opinion and will not be reiterated here.

Under Rule 4 of the Rules Governing Section 2254 Cases: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." After a preliminary review and for reasons stated hereinafter, the court concludes that petitioner is not entitled to *habeas* relief in that the application is patently frivolous.

### ANALYSIS OF LAW AND FACTS

In deciding whether to grant a stay of execution, a district court must consider:

(1) Whether the movant has made a showing of likelihood of success on the merits; (2) Whether the movant has made a showing of irreparable injury if the stay is not granted; (3) Whether the granting of the stay would substantially harm the other parties; and (4) Whether the granting of the stay would serve the public interest.

*Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir.1982). Petitioner's failure to sustain his burden under the first prong renders it unnecessary for this court to consider the remaining factors.

Petitioner's first claim is that his rights guaranteed under the Eighth Amendment to the United States Constitution were violated because the jury considered an aggravating circumstance which was later determined to be invalid by the Louisiana Supreme Court. *See, State v. Byrne*, 483 So.2d 564, 575 (La.1986). Second, petition-

er alleges that the trial court failed to instruct the jurors as to the definition of "heinous, attrocious and cruel," also an aggravating circumstance found by the jury. The concise and most appropriate response to these arguments is found in *Williams v. Lynaugh*, 837 F.2d 1294, 1295 (5th Cir.1988):

> [These] ... claims are totally repetitive with claims made in prior *habeas corpus* proceedings in the state and federal courts. They have all been denied in the prior federal *habeas corpus* proceeding, and that denial was affirmed by this Court on [May 9, 1988, *Byrne v. Butler*, 845 F.2d at 501]. These issues constitute successive writs. They have already been decided on the merits, "and the ends of justice would not be served by reaching the merits again." *Moore v. Blackburn*, 806 F.2d 560 (5th Cir.1986), *cert. denied*, — U.S. —, 107 S.Ct. 1988 [95 L.Ed.2d 827] (1987). There is no 'colorable claim of factual innocence.' *Kuhlmann v. Wilson*, 477 U.S. 436, 106 S.Ct. 2616, 2627 [91 L.Ed.2d 364] (1986).

The Fifth Circuit's rejection of these claims on the merits, *see, Byrne v. Butler*, 845 F.2d at 514–16 and n. 13, is not only binding authority on this court but demonstrates that the present petition with respect to these two issues constitutes a clear abuse of writ. Petitioner's reliance on the grant of *certiorari* to the Supreme Court of Mississippi in *Johnson v. Mississippi*, 511 So.2d 1333 (Miss.1987), *cert. granted*, — U.S. —, 108 S.Ct. 693, 98 L.Ed.2d 646 (1988), is insufficient to establish his burden under the first prong of *Ruiz v. Estelle, supra*. The Fifth Circuit's opinion in *Byrne v. Butler* and the authorities cited therein establish that the law in this circuit with respect to the issue presented by petitioner's argument is well settled and binding upon this court. Petitioner has failed to make a showing of a likelihood of success on the merits. It is worth noting that the Fifth Circuit denied a certificate of probable cause and vacated the stay of execution on May 9, 1988, some four months after the Supreme Court granted *certiorari* in *Johnson v. Mississippi, supra*.

Finally, petitioner argues that the trial court violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution by limiting the jury's consideration of mitigating circumstances by admonishing them not to be influenced by sympathy, passion, prejudice or public opinion. Petitioner has failed to make a showing of likelihood of success on the merits for several reasons.

Under Rule 9(b) of the Rules Governing Section 2254 Motions, summary dismissal is appropriate if the court concludes as a matter of law that the petitioner either deliberately withheld a claim from a previous petition or was inexcusably neglectful in failing to present a claim in the previous petition. *Matthews v. Butler*, 833 F.2d 1165, 1170 (5th Cir.1987). Though this court would be required to afford petitioner ten days prior to dismissing the petition under Rule 9(b), *id.*, the record before the court and jurisprudence indicates that dismissal would be nearly certain. Petitioner was represented by the same counsel in the first *habeas* proceeding that are representing him now.

In the first *habeas corpus* petition, extensive arguments were made concerning the alleged error of the trial court in preventing the presentation of mitigating evidence during the sentencing phase. Other arguments asserted related to prosecutorial misconduct during closing argument in the sentencing phase. The transcript of the trial, made part of the record in the first *habeas* proceeding, included the trial court's instructions to the jury which are now being challenged. Thus, it is unequivocally clear that petitioner, through his attorneys, was adequately apprised of the facts giving rise to the present claim. As stated by the Fifth Circuit in *Hamilton v. McCotter*, 772 F.2d 171, 180 (5th Cir.1985):

> In particular, appellant's present challenge[s] ... are ... matters appearing on the face of the state trial record or ... matters appearing on the face of the state trial record which were necessarily obvious to both state trial counsel and *habeas* counsel and, to the extent that they might have any validity as grounds

for federal *habeas* relief on their own merits, would likewise constitute a basis for an assertion of ineffective assistance of state trial counsel.

\* \* \* \* \* \*

Thus, regardless of how limited the representation implicated in the evidentiary hearing in appellant's first federal *habeas* proceedings may have been, it is inescapable that at the least these issues were precisely the kind which would have been searched for and evaluated, and which, if meritorious, would have been raised by appointed counsel.

(Footnote omitted.)

Moreover, counsel for petitioners cannot be heard to argue that they were not aware of the legal basis giving rise to their final claim for *habeas* relief in this petition. The only case relied upon by petitioners is *California v. Brown*, 479 U.S. 538, 107 S.Ct. 837, 93 L.Ed.2d 934 (1987). In his first application for *habeas corpus* relief, counsel for petitioner urged:

The continuing vitality of the concern of the United States Supreme Court in this regard, is evidenced by that court's consideration of the propriety of the anti-sympathy instruction given to the Sentencing Jury in *California v. Brown,* [citations omitted]. The question presented therein was an extension of the *Lockett* [*v. Ohio,* 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978) ] rule: "How can a jury consider all mitigating evidence if it is not entitled to consider the sympathetic aspects of that evidence?"

Petitioner's brief in Civil Action No. 87–0105 at 30. Counsel for petitioner were, at the time the first petition was filed, aware of both the law and the factual basis giving rise to the present claim for *habeas* relief. Based upon the authorities cited, it appears that the present application would be a most attractive candidate for dismissal under Rule 9(b). Counsel for petitioner have offered no reason whatsoever to justify a contrary conclusion.

In any event, the record establishes that no objection was lodged with respect to the challenged instruction as required by Loui-

siana's contemporaneous objection rule. La.Crim.Code art. 841. In *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1984), the court ruled that if a state contemporaneous objection rule applies, failure to object to alleged improprieties at trial will bar federal *habeas* review unless the petitioner can show both good cause for the default and actual prejudice resulting from the events at trial giving rise to the claim. In *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2646, 91 L.Ed.2d 397 (1986), the Supreme Court held that the existence of cause for procedural default must turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule, regardless of whether the default occurred at trial or at subsequent appeals in the state court. Attorney error, alone, is insufficient cause for excusing the procedural default. *Id.* at 488, 106 S.Ct. at 2645–46. The Court in *Carrier* rejected the claim for failure to establish cause for the default, since the *habeas* petitioner had never alleged any external impediment that might have prevented counsel from raising the particular claim. *Id.* at 489, 106 S.Ct. at 2650. In the case at bar, petitioner has not even alleged, much less demonstrated, cause or actual prejudice. Thus, *habeas* review is precluded.

Finally, *California v. Brown, supra,* does not support petitioner's argument that he was denied a "federal right derived from the Constitution." *See,* 28 U.S.C. § 2254(a). The instruction challenged in *California v. Brown* told the jury not to be swayed by "mere sentiment, conjecture, sympathy, passion, prejudice, public opinion or public feeling." 107 S.Ct. at 840. Irrespective of petitioner's statement to the contrary, the Court in *California v. Brown* did not hold that the qualifier "mere" was necessary to avoid a constitutional violation. The Court held:

We think a reasonable juror would reject that interpretation, and instead understand the instruction not to rely on "mere sympathy" as a directive to ignore only the sort of sympathy that would be total-

ly divorced from the evidence adduced during the penalty phase.

*We also think it highly unlikely that any reasonable juror would almost perversely single out the word 'sympathy' from the other nouns which accompany it in the instruction: conjecture, passion, prejudice, public opinion, and public feeling.* Reading the instruction as a whole, as we must, it is no more than a catalog of the kind of factors that could improperly influence a juror's decision to vote for or against the death penalty. The doctrine of *noscitur a sociis* is based on common sense, and a rational juror could hardly hear this instruction without concluding that it was meant to confine the jury's deliberations to considerations arising from the evidence presented, both aggravating and mitigating.

*Id.* (emphasis added). The instruction given in this case by the trial judge was designed to reach this end as it was made twice at the penalty phase—once during the closing argument of the prosecutor and once during the closing argument of the defense. Interestingly enough, petitioner's first *habeas* strenuously argued that the prosecutor's allegedly improper comments during closing argument at the sentencing phase were designed to incite the sympathy and passion of the jury in favor of the victim. Clearly, the court's instruction was designed to prevent this result.

Precisely this same issue was recently presented to the Louisiana Supreme Court in *State v. Copeland,* 1988 WL 31771 (La. April 11, 1988). The disputed instruction in *Copeland* read: "You are not to be influenced by sympathy, passion, prejudice, or public opinion. You are to reach a just verdict." *Copeland* argued that the instruction discouraged the jury from considering the very mitigating factors concerning a defendant that the legislature had specified in the capital sentencing statute. Relying on *California v. Brown, supra,* the Supreme Court of Louisiana rejected this argument and held that the defendant suffered no prejudice. Thus, petitioner's final claim, even if addressed on the merits, would fail to warrant *habeas* relief.

The second cautionary instruction now objected to was given after an objection was made by counsel for the state to the following statement made by petitioner's counsel in closing argument at the sentencing phase: "However, if you recommend death, you may very well spend the rest of your life wondering if this was the proper case." In the actual charge to the jury, the court listed permissible mitigating circumstances and then stated: "Whether any aggravating or mitigating circumstances exist is a fact for you to determine based upon the evidence presented." Vol. II, Tr. at 258. Under these circumstances, the court finds no error in the cautionary instruction.

Based upon the foregoing, the court concludes that the petitioner's motion for a stay of execution be DENIED, and that the application for *habeas corpus* relief be DISMISSED.

THUS DONE AND SIGNED at Monroe, Louisiana, this 11th day of June, 1988.

### ORDER

Pursuant to the foregoing Memorandum Ruling,

IT IS ORDERED that Edward R. Byrne Jr.'s petition for writ of *habeas corpus* is DENIED;

IT IS FURTHER ORDERED that petitioner's motion for stay of execution is DENIED; and

In that an appeal of this Ruling is likely, in anticipation of an application for a Certificate of Probable Cause for Appeal, Fed. R.App.P. 22(b),

IT IS ORDERED that said application is DENIED for the reasons set out in the opinion of the court.

THUS DONE AND SIGNED at Monroe, Louisiana, this 11th day of June, 1988.

/s/DONALD E. WALTER
UNITED STATES DISTRICT JUDGE