No. 88–6078.   BRITZ *v.* ILLINOIS.   Sup. Ct. Ill.   Certiorari denied.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 231 (1976) (MARSHALL, J., dissenting), I would grant the petition for writ of certiorari and vacate the death sentence in this case. Even if I did not hold this view, I would grant the petition to consider whether a jury instruction that sympathy should not influence a decision regarding the imposition of the death penalty violates the Eighth and Fourteenth Amendments.

I

Dewayne C. Britz was convicted of murder, aggravated kidnaping, aggravated criminal sexual assault, armed robbery, and concealment of a homicidal death. At the penalty phase, the trial judge charged the jury that "'[n]either sympathy nor prejudice should influence you.'" 123 Ill. 2d 446, 479, 528 N. E. 2d 703, 719 (1988), quoting Illinois Pattern Jury Instructions, Criminal, No. 1.01 (2d ed. 1981). Defense counsel specifically objected to this instruction. The jury unanimously found that statutory aggravating factors existed and that no mitigating factors precluded the imposition of the death sentence. Petitioner was sentenced to death.

The Illinois Supreme Court affirmed. 123 Ill. 2d 446, 528 N. E. 2d 703 (1988). The court held that the trial court's no-sympathy jury instruction was similar to the instruction approved in *California* v. *Brown*, 479 U. S. 538 (1987). Relying on its decision in *People* v. *Stewart*, 104 Ill. 2d 463, 473 N. E. 2d 1227 (1984), cert.

denied, 471 U. S. 1120 (1985), the court further held that the instruction did not deny petitioner a fair trial because the jury was also instructed that it could consider any other facts or circumstances that favored imposition of a sentence other than death, and because the defendant was permitted to introduce all evidence he considered mitigating, including evidence ruled inadmissible during the guilt phase.

## II

We have recognized repeatedly that, in a capital case, the sentencer must not be precluded from considering any mitigating evidence relating to the defendant or the crime. See, *e. g.*, *Eddings* v. *Oklahoma*, 455 U. S. 104, 111–112 (1982); *Lockett* v. *Ohio*, 438 U. S. 586, 604 (1978) (plurality opinion). Mitigating evidence is allowed at the penalty phase so the sentencer may consider "compassionate . . . factors stemming from the diverse frailties of humankind." *Woodson* v. *North Carolina*, 428 U. S. 280, 304 (1976) (plurality opinion). "Nothing in any of our cases suggests that the decision to afford an individual defendant mercy violates the Constitution." *Gregg* v. *Georgia*, *supra*, at 199 (joint opinion of Stewart, Powell, and STEVENS, JJ.); see also *Caldwell* v. *Mississippi*, 472 U. S. 320, 330–331 (1985).

The Court reaffirmed the importance of considering mitigating evidence in *California* v. *Brown*, *supra*. There, the trial judge instructed the jury that it must not be swayed by "'mere sentiment, conjecture, sympathy, passion, prejudice, public opinion or public feeling.'" 479 U. S., at 542. The majority held that this instruction did not violate the Eighth and Fourteenth Amendments for two reasons. First, it found that the word "mere" informed the jury "to ignore *only* the sort of sympathy that would be totally divorced from the evidence adduced during the penalty phase." *Ibid.* (emphasis added). "By concentrating on the noun 'sympathy,'" the defendant had "ignore[d] the crucial fact that the jury was instructed to avoid basing its decision on *mere* sympathy." *Ibid.* (emphasis in original). Second, the majority deemed it "highly unlikely that any reasonable juror would almost perversely single out the word 'sympathy' from the other nouns which accompany it in the instruction: conjecture, passion, prejudice, public opinion, or public feeling." *Id.*, at 542–543. "Reading the instruction as a whole," *id.*, at 543, a rational juror could only conclude that the instruction was intended simply to confine

the jury's deliberations to considerations arising from the evidence presented.

Neither of the reasons relied upon by the majority to uphold the instruction in *California* v. *Brown, supra,* is applicable to the jury instruction at issue in this case. Here, the jury was informed that sympathy should not influence its decision *under any circumstances.* The trial court's all-inclusive no-sympathy instruction, thus, embraced sympathy engendered by facts in the record as well as sympathy engendered by "extraneous emotional factors." *Ibid.* Furthermore, unlike the instruction in *Brown,* the instruction here was not contained in "a catalog of the kind of factors that could improperly influence a juror's decision to vote for or against the death penalty." *Ibid.* Reasonable jurors, therefore, may well have thought they were not permitted to exercise mercy or compassion when sentencing petitioner, even if such feelings were "rooted" in the evidence. *Id.,* at 542.

### III

The constitutionality of a general no-sympathy instruction is a recurring issue on which the lower courts have differed. Compare *Byrne* v. *Butler,* 847 F. 2d 1135 (CA5 1988), and *State* v. *Clemmons,* 753 S. W. 2d 901 (Mo.) (en banc), cert. denied, 488 U. S. 948 (1988), with *People* v. *Hamilton,* 46 Cal. 3d 123, 152, and n. 7, 756 P. 2d 1348, 1364–1365, and n. 7 (1988), cert. denied, *ante,* p. 1040, and *Parks* v. *Brown,* 860 F. 2d 1545, 1559 (CA10 1988). The petition should be granted in order to resolve this conflict and to address this important issue. I dissent.