United States Court of Appeals,

Fifth Circuit.

No. 93-8832

Summary Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Larry Joseph CULLUM, Defendant-Appellant.

March 20, 1995.

Appeal from the United States District Court for the Western District of Texas.

Before SMITH, EMILIO M. GARZA and PARKER, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Pursuant to 28 U.S.C. § 2255 (1988), federal inmate Larry Joseph Cullum filed a *pro se* motion in district court to vacate, set aside, or correct his sentence.[1] The district court dismissed Cullum's motion as an abuse of the proceedings under Rule 9(b) of the Rules Governing § 2255 Proceedings, 28 U.S.C. foll. § 2255 (1994). Because Cullum was not given adequate notice of, or an opportunity to respond to, the district court's plan to dismiss his motion under Rule 9(b), we reverse.

I

Larry Cullum was convicted in federal court of conspiracy to distribute methamphetamine, seven counts of manufacturing

---

[1]Cullum titled his pleading "CONSTITUTIONAL WRIT OF HABEAS CORPUS PURSUANT TO ART. 1, SEC. 9, CL. 2." While the lower court did not expressly state that it would treat the pleading as a § 2255 motion, it implied as much by noting that Cullum's pleading was not his first § 2255 motion.

phenylacetone, and two counts of filing false tax returns. In a previous § 2255 motion, Cullum claimed that his grand jury testimony entitled him to immunity, and that the Attorney General had improperly classified methamphetamine as a Class II controlled substance. The district court denied his motion on the merits, and this Court affirmed the denial.

In his current § 2255 motion, Cullum alleges that he was "twice put in jeopardy for the same set of facts," in violation of his Fifth Amendment rights, because he had been subject to civil forfeiture proceedings as a result of the same drug activities that form the basis of his criminal conviction. Upon the Government's urging, the district court dismissed his motion as abusive under Rule 9(b). Cullum filed an appeal, and a motion in district court to proceed in forma pauperis on appeal. The district court denied his motion to proceed in forma pauperis, but this Court ordered that it be granted. In our order, we asked the Government to brief on appeal (1) whether Cullum had been given adequate notice of, and an opportunity to respond to, the Rule 9(b) issue; and (2) whether the error, if any, was harmless. Cullum's habeas motion is now before this Court on appeal.

## II

"The decision whether to dismiss a motion for abuse of the section 2255 proceedings is committed to the sound discretion of the district court." *United States v. Flores,* 981 F.2d 231, 234 (5th Cir.1993). Rule 9(b) of the Rules Governing § 2255 Cases states:

2

> **(b) Successive motions.** A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.

28 U.S.C. foll. § 2255.

In *McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), the Supreme Court held that once the government raises the question of abuse of the writ under Rule 9(b) of 28 U.S.C. § 2254 (1988), "[t]he burden to disprove abuse then becomes petitioner's." *Id.* at 499 U.S. at 494, 111 S.Ct. at 1470. "*McCleskey* 's formulation of the abuse of the writ doctrine also governs abuse of the proceedings under section 2255". *Flores,* 981 F.2d at 234; *see also United States v. Tubwell,* 37 F.3d 175, 178 (5th Cir.1994) (applying *McCleskey* to § 2255 motions). To aid Cullum in satisfying his burden under *McCleskey,* the district court should have given him notice that (1) his motion was being considered for dismissal, (2) dismissal was automatic if he failed to respond, giving grounds for reconsideration of a repetitive motion or showing why he did not raise new claims in a previous motion, and (3) his response should contain facts, not opinions. *See Matthews v. Butler,* 833 F.2d 1165, 1170 (5th Cir.1987), *overruled on other grounds by McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).[2] In addition to giving a petitioner adequate notice that it is considering the petition for

---

[2]While *Matthews* involved § 2254 rather than § 2255, "the same rules should govern abuse of both remedies." *See Flores,* 981 F.2d at 234-35.

3

dismissal, the district court also must allow the petitioner at least ten days to respond. *See Bates v. Whitley,* 19 F.3d 1066, 1067 (5th Cir.1994).

The Government concedes in its brief on appeal that the district court afforded Cullum neither notice nor an opportunity to respond before dismissing his petition under Rule 9(b). The court's failure to do so was an abuse of its discretion. *See Urdy v. McCotter,* 773 F.2d 652, 656-57 (5th Cir.1985) (holding that district court abused its discretion in failing to provide petitioner with notice and opportunity to respond).

We have held such an error to be harmless where there are no facts that the petitioner could allege to prevent his claim from being dismissed under Rule 9(b). *See, e.g., Byrne v. Butler,* 847 F.2d 1135, 1138 (5th Cir.1988); *Johnson v. McCotter,* 803 F.2d 830, 833 (5th Cir.1986). The petitioner in *Johnson* filed a response to the state's 9(b) motion even though he did not receive notice. *Johnson,* 803 F.2d at 833. In *Byrne,* we found that the petitioner was aware of both the factual and legal bases of his new claims at the time he had filed his original habeas petition. *Byrne,* 847 F.2d at 1138-40. From the record before us, we are not convinced that Cullum would be similarly unable to allege facts sufficient to prevent his claim from being dismissed under 9(b).

III

For the foregoing reasons, we REVERSE the district court's dismissal of Cullum's federal habeas motion and REMAND to that court for further proceedings consistent with this opinion.

4