**UNITED STATES of America**

v.

**Robert F. PAGE.**

**Crim. No. 88–035–01–T.**

United States District Court,
D. Rhode Island.

May 26, 1995.

Ira Belkin, Asst. U.S. Atty., U.S. Atty's. Office, Providence, RI, for plaintiff.

Robert Page, pro se.

## MEMORANDUM AND ORDER

TORRES, District Judge.

### Background

In May 1989 Robert Page pled guilty to conspiracy to distribute cocaine and was sentenced to 94 months in prison. No appeal was taken. In 1992, Page filed a motion under 28 U.S.C. § 2255 seeking to set aside his sentence. That motion was denied on the grounds that the reasons cited by Page lacked merit and because Page had failed to assert them on direct appeal.

Page, now, has filed what he denominates a Motion to Correct Sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. The alleged errors cited by Page are:

(1) that the calculation of his offense level under the sentencing guidelines was based on an erroneous finding that he possessed a firearm.

(2) that his criminal history score reflected a conviction which was not includable under the sentencing guidelines; and

(3) that the Court failed to make the necessary findings regarding his ability to pay before imposing a fine.

The first claim was asserted in Page's prior § 2255 motion. The other two claims are being raised for the first time in this motion.

### Discussion

#### Applicability of Rule 35

Rule 35 provides that, when more than 7 days have expired after sentencing, a district court may correct or reduce a sentence only upon remand from the Court of Appeals or upon motion of the Government. Since Page's motion was filed nearly five years after sentence was imposed, this Court has neither authority under Rule 35 nor any inherent authority to correct his sentence. *See United States v. Carr*, 932 F.2d 67, 70–71 (1st Cir.1991). Therefore, Page's motion will be treated as one for relief from sentence pursuant to 28 U.S.C. § 2255. *See United*

*States v. Zuleta–Molina*, 840 F.2d 157, 158 (1st Cir.1988).

#### Successive Motions

The Government argues that Page has filed what amounts to a successive motion that should be dismissed pursuant to Rule 9(b) of the Rules Governing § 2255 motions. It points out that the alleged errors were either rejected or not raised when Page submitted his previous § 2255 motion. Page asserts that Rule 9(b) does not apply because he never was served with the Government's opposition to his previous motion, the Magistrate's recommendation that it be denied, or the Court's order accepting the Magistrate's recommendation.

There are a number of reasons to be skeptical of Page's assertion. First, it is not supported by an affidavit. Furthermore, Page does not explain why he filed the instant motion if he was unaware that his previous motion had been denied or why the instant motion contains claims not raised in the previous motion.

In any event, under these circumstances, there is little purpose to be served in trying to determine whether Page had notice of the events leading to denial of his previous § 2255 motion. Under Rule 9(b), dismissal of a successive motion alleging new grounds for relief is not mandatory. The Court has discretion to determine whether such motions should be dismissed on the ground that they constitute an abuse of § 2255. *United States v. Cullum*, 47 F.3d 763 (5th Cir.1995) (decision whether to dismiss for abuse of the writ is committed to the sound discretion of the district courts.) Here, permitting Page to assert the claim that his criminal history score was miscalculated would not constitute an abuse because the claim is undisputed and the error resulted in a sentence outside of the applicable guideline range. The same cannot be said with respect to Page's other claims, but, even if it could, they are not cognizable under § 2255.

#### Cognizability

Under 28 U.S.C. § 2255, there are four grounds on which a federal prisoner may base a claim for relief:

1. The sentence was imposed in violation of the Constitution or laws of the United States;

2. the sentencing court was without jurisdiction to impose the sentence;

3. the sentence was in excess of the maximum authorized by law and

4. the sentence is otherwise subject to collateral attack.

*Knight v. United States* 37 F.3d 769, 772 (1st Cir.1994) (*quoting Hill v. United States,* 368 U.S. 424, 426–27, 82 S.Ct. 468, 470–71, 7 L.Ed.2d 417 (1962)).

■ When a claim is based on constitutional or jurisdictional grounds, it is cognizable under § 2255 without any further showing unless there has been a procedural default. However, when the claim is based on any of the other grounds specified in § 2255, there must be a showing of "exceptional circumstances where the need for the remedy afforded … is apparent." *Hill,* 368 U.S. at 428, 82 S.Ct. at 471 (*quoting Bowen v. Johnston,* 306 U.S. 19, 27, 59 S.Ct. 442, 446, 83 L.Ed. 455 (1939)). Exceptional circumstances are said to exist when the alleged error amounts to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with rudimentary demands of fair procedure." *Id.; Knight v. U.S.,* 37 F.3d at 772. The requirement that exceptional circumstances be shown is based on recognition of the fact that § 2255 was not intended as a vehicle for addressing allegations of non-constitutional or non-jurisdictional errors that could have been raised on appeal. *Id.*

■ None of Page's claims are based on constitutional or jurisdictional grounds. Therefore, in order to be cognizable under § 2255, they must present exceptional circumstances that justify permitting a collateral attack. Page's claims that he was erroneously found to have possessed a firearm and that the Court failed to make necessary findings regarding his ability to pay a fine are nothing more than allegations that errors were made that might have affected his sentence. They do not rise to the level of "fundamental defect(s) inherently resulting in a complete miscarriage of justice."

■ On the other hand, Page's claim that his criminal history was erroneously calculated is undisputed and resulted in a sentence greater than that provided for by the applicable guideline range. The Government candidly concedes that the computation of Page's criminal history score erroneously took into account a 1967 conviction for breaking and entering that should have been disregarded because it was more than fifteen years old. *See* Sentencing Guidelines § 4A1.2(e). The Government also acknowledges that the 94 month sentence imposed was above the correct guideline range of 70–87 months.

Nevertheless, the Government contends that guideline errors do not constitute miscarriages of justice. In addition, it argues that Page's sentence is justified as an upward departure because, at the time of sentencing, the Court commented that Page's criminal history was "underrepresented" but that there was no need to consider a departure because an appropriate adjustment could be made by a sentence at the top of what was thought to be the applicable guideline range.

There are cases holding that, under some circumstances, errors in calculating the guideline sentencing range do not amount to a complete miscarriage of justice. *Knight v. United States,* 37 F.3d 769 (1st Cir.1994).[1] However, those cases deal with situations in which the sentence imposed was within the correct guideline range. The First Circuit has made it clear that there might be circumstances under which such errors could constitute a complete miscarriage of justice. *Knight,* 37 F.3d at 773–74 ("[W]e do not hold that an error in the application of the sentencing guidelines could *never* constitute a complete miscarriage of justice." (emphasis added)).

It seems safe to say that the Court did not intend to make every allegation of error in

---

1. *See also unpublished* opinion in *Buco v. United States,* No. 93–1222, 1993 WL 205102 (1st Cir. June 10, 1993).

applying the Guidelines fair game for collateral attack under § 2255. On the other hand, there can be little doubt that an undisputed error that results in a sentence greater than that provided for by the applicable guideline range is the type of claim that is, at least, cognizable under § 2255.

■ The only remaining question is whether Page's sentence is justifiable as an upward departure. In arguing that it is, the Government overlooks the fact that the sentence was not arrived at on the basis that it was an upward departure. The Court noted that Page's criminal history was underrepresented but found it unnecessary to make a determination as to whether a departure was warranted. The failure to make that determination was important because the distinction between an upward departure and a sentence that is higher in the guideline range than it otherwise might have been is more than a purely technical one. An upward departure based on underrepresentation of a defendant's criminal history requires a finding that the assigned criminal history category does not adequately reflect the seriousness of the defendant's criminal history. *See United States v. Calderon,* 935 F.2d 9, 12 (1st Cir.1991); Sentencing Guidelines, § 4A1.3. On the other hand, a decision regarding where a sentence should fall within the applicable guideline range is essentially a matter of discretion that requires no such finding. *See, e.g., United States v. Whiting,* 28 F.3d 1296, 1311 (1st Cir.1994).

■ Moreover, characterizing a sentence as within the guideline range rather than as a departure limits a defendant's ability to challenge the sentence both at the time of sentencing and on appeal. It deprives the defendant of an opportunity to argue to the sentencing judge why a departure is not warranted. In addition, it deprives the defendant of the right he otherwise would have to appeal his sentence or, at least, to obtain review on the ground that it was based on erroneous findings rather than on the less stringent ground that it constituted an abuse of discretion. Therefore, the proper forum for determining whether a sentence is justifiable as an upward departure is a sentencing hearing at which the defendant is afforded an opportunity to contest the departure *qua* departure. *Compare, United States v. Pelkey,* 29 F.3d 11, 13 (1st Cir.1994) (Court will review upward departure on three bases: (1) whether reasons given permit departure; (2) whether factual findings underlying departure are supported and (3) whether the degree of the departure is reasonable), *with United States v. Hayes,* 49 F.3d 178 (6th Cir.1995) (defendant may appeal sentence within guideline range only if specific legal error identified) and *United States v. Amparo,* 961 F.2d 288, 292 (1st Cir.1992) (court generally has no jurisdiction to hear appeal based on refusal to grant downward departure).

*Procedural Default*

■ The fact that Page's claim is of a type that is cognizable under § 2255 does not necessarily mean that he is entitled to relief. Section 2255 provides no relief for otherwise cognizable claims that a defendant failed to raise on direct appeal unless the movant shows both cause sufficient to excuse his failure and prejudice amounting to a complete miscarriage of justice. *See Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991) (dealing with § 2254 motions); *Knight,* 37 F.3d at 774. As already noted, Page has been prejudiced by the miscalculation of his criminal history score. Therefore, the sole issue is whether he has demonstrated sufficient cause to excuse his failure to raise the question on appeal

The purpose of the cause requirement is to prevent a defendant from subverting the orderly administration of justice by circumventing the requirements applicable to direct appeals. Absent such a requirement, a defendant could seek to relitigate his case when pertinent evidence is no longer available, thereby placing the Government at an unfair disadvantage. *United States v. Addonizio,* 442 U.S. 178, 185 n. 11, 99 S.Ct. 2235, 2240 n. 11, 60 L.Ed.2d 805 (1979) (*citing Stone v. Powell,* 428 U.S. 465, 491 n. 31, 96 S.Ct. 3037, 3051 n. 31, 49 L.Ed.2d 1067 (1976)).

In this case, Page makes the bald assertion that his failure to raise the issue on appeal was due to what he terms "ineffective assis-

tance of counsel." That assertion is unsupported and was not set forth in his motion. It was not made until after the Government filed its memorandum raising the issue of procedural default.

Nevertheless, under the unique circumstances presented in this case, very little is required to justify Page's default. The purpose of the cause requirement is served because the Government concedes that an error was made and there is no dispute regarding the precise nature of that error. The only matter to be decided is the appropriate sentence that should be imposed based on those undisputed facts. Consequently, the Government has not been unfairly disadvantaged by Page's failure to raise the question sooner.

### Conclusion

For all of the foregoing reasons, Page's § 2255 motion is granted to the extent that Page's sentence will be set aside and he will be resentenced. At the time of resentencing, both Page and the Government will have the opportunity to address whether there should be an upward departure based on underrepresentation of Page's criminal history score.

The Clerk is directed to schedule this matter for resentencing forthwith.

IT IS SO ORDERED.