68 F.3d 484
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio Lino TRUJILLO, Defendant-Appellant.
 No. 95-1230.
 United States Court of Appeals, Tenth Circuit.
 Oct. 16, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.[2]
 BALDOCK, Circuit Judge.
 
 I.
 
 1
 On August 3, 1992, Defendant Antonio Lino Trujillo pled guilty to conspiracy to distribute approximately two kilograms of cocaine in violation of 21 U.S.C. 841, 846. The district court sentenced Defendant to 70 months imprisonment on October 22, 1992. Defendant did not directly appeal his sentence. Rather, on June 11, 1993, Defendant filed a motion to set aside his sentence under 28 U.S.C. 2255.
 
 
 2
 In his 2255 motion, Defendant claimed that: (1) he received ineffective assistance of counsel; and (2) his guilty plea was involuntary. As the bases for his first claim, Defendant asserted that counsel: (a) refused to appeal the district court's failure to depart downwards from the sentencing guidelines range; (b) failed to thoroughly investigate the sentencing consequences of Defendant's plea agreement; and (c) did not seek to withdraw Defendant's guilty plea. As the bases for his second claim, Defendant asserted that he: (a) was suffering from alcohol withdrawal at the time of his plea; and (b) misunderstood the plea agreement. On July 9, 1993, the district court denied Defendant's 2255 motion on the merits. Defendant subsequently filed a timely notice of appeal, but, on November 18, 1993, we dismissed his appeal for want of prosecution. United States v. Trujillo, No. 93-1271 (10th Cir. Nov. 18, 1993). We denied Defendant's motion to reinstate his appeal on February 7, 1995.
 
 
 3
 Defendant returned to the district court and, on April 14, 1995, filed a second motion to set aside his sentence under 28 U.S.C. 2255. Defendant's second motion raised the same grounds for relief as his first motion. On May 15, 1995, the district court dismissed Defendant's second motion as a successive petition as well as an abuse of procedure under Rule 9(b) of the Rules Governing Section 2255 Proceedings. Defendant then filed a second timely notice of appeal to this court. Our jurisdiction to consider this matter arises under 28 U.S.C. 2255. We affirm.
 
 II.
 
 4
 Rule 9(b) of the Rules Governing Section 2255 Proceedings states:
 
 
 5
 (b) Successive motions. A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.
 
 
 6
 See Sanders v. United States, 373 U.S. 1, 15 (1963) (setting forth requirements implemented by Rule 9(b)). We review the district court's Rule 9(b) dismissal of Defendant's 2255 motion for an abuse of discretion. United States v. Cullum, 47 F.3d 763, 764 (5th Cir.1995); see also Sanders, 373 U.S. at 18 (judges have discretion in ruling on successive 2255 motions).
 
 III.
 
 7
 We conclude that the district court did not abuse its discretion in dismissing Defendant's second 2255 motion as successive under Rule 9(b).[3] Defendant's second 2255 motion raised the same grounds for relief that the district court had decided against Defendant on the merits in his first 2255 motion. Consequently, Defendant's second 2255 motion was successive within the meaning of Rule 9(b). In reality, Defendant attempted to circumvent our dismissal of his prior appeal for want of prosecution (and subsequent denial of his motion to reinstate) by starting anew in the district court. This we will not permit.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 [3]
 Technically, the question of an "abuse of the procedure" under Rule 9(b) is not present in this case because Defendant raised no new or different grounds for relief in his second 2255 motion