IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40407
Conference Calendar

_____

CARLOS A. DIAZ,

                                        Petitioner-Appellant,

versus

JONATHON DOBRE,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CV-45
--------------------
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Carlos A. Diaz, federal prisoner #03767-078, appeals from

the dismissal with prejudice of his petition seeking relief under

28 U.S.C. § 2241.  The district court held, because Diaz was

challenging errors that were alleged to have occurred during his

criminal proceedings, his claims must be raised in a motion filed

pursuant to 28 U.S.C. § 2255 and that Diaz had failed to show

that the savings clause of 28 U.S.C. § 2255 was applicable.  Diaz

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

has failed to show on appeal that he is entitled to application of the savings clause.  Moreover, this court has recently held that <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), does not apply retroactively to cases on collateral review and that an <u>Apprendi</u> claim does not satisfy requirements for filing a 28 U.S.C. § 2241 petition under the savings clause.  <u>See</u> <u>Wesson v. U.S. Penitentiary, Beaumont, TX</u>, 305 F.3d 343, 347-48 (5th Cir. 2002).

Finally, any error committed by the district court in failing to provide Diaz with notice that it was considering dismissal of his petition and an opportunity to respond was harmless under these circumstances.  <u>See</u> <u>United States v. Cullum</u>, 47 F.3d 763, 765 (5th Cir. 1995).

Accordingly, the district court's judgment is AFFIRMED.