**Wilberto RIASCOS–PRADO, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 1138, Docket 94–2523.**

United States Court of Appeals, Second Circuit.

Argued March 9, 1995.

Decided Sept. 13, 1995.

---

Richard A. Reeve, Assistant Federal Public Defender, New Haven, CT (Thomas G. Dennis, Federal Public Defender, Michael O. Sheehan, Assistant Federal Public Defender, New Haven, CT, of counsel), for petitioner-appellant.

Carl J. Schuman, Assistant United States Attorney for the District of Connecticut, Hartford, CT (Christopher F. Droney, United States Attorney, Michael E. Runowicz, Assistant United States Attorney, New Haven, CT, of counsel), for respondent-appellee.

Before: MAHONEY, WALKER, and LEVAL, Circuit Judges.

MAHONEY, Circuit Judge:

Petitioner-appellant Wilberto Riascos–Prado appeals from an order entered July 13, 1994 in the United States District Court for the District of Connecticut, Alan H. Nevas, *Judge,* that dismissed Riascos–Prado's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The district court ruled that since Riascos–Prado had unsuccessfully contended, on the direct appeal of his conviction, that he had been accorded ineffective assistance of counsel in a number of respects, all claims of ineffective assistance were procedurally barred from subsequent § 2255 consideration because, even if supported by new and different factual allegations concerning ineffectiveness, they did not advance a new

"ground" for relief. Accordingly, the district court dismissed the amended § 2255 petition without reaching the merits of its claims.

We disagree with the district court's ruling that all challenges to the performance of counsel constitute a single legal ground, and conclude that one of Riascos–Prado's claims of ineffective assistance of counsel—that due to a conflict of interest, counsel pressured Riascos–Prado to plead guilty—was properly before the district court for resolution. We therefore vacate the dismissal of Riascos–Prado's § 2255 petition and remand to the district court to determine whether the allegations raised in the petition necessitate an evidentiary hearing.

## Background

On July 13, 1990, law enforcement agents obtained a warrant to search the apartment of Riascos–Prado and his girlfriend/codefendant, Carmen Berrios, in Manchester, Connecticut. A search of the apartment uncovered over 2.5 kilograms of cocaine, a scale, and two firearms. While the agents surveilled the premises in anticipation of executing the search warrant, they observed a vehicle enter the parking lot, shine its headlights on the group of law enforcement agents, and then slowly exit the lot. Local officers pursued the vehicle and detained it while the search warrant was executed. Riascos–Prado, a passenger in the vehicle, was ultimately arrested.

Following his arrest and after the issuance of *Miranda* warnings, Riascos–Prado admitted that he, not Berrios, was the owner of the cocaine found in the apartment. Riascos–Prado also stated that it was his practice to buy cocaine in kilogram quantities in New York City and sell it in smaller quantities in the Hartford, Connecticut area. He further admitted that he was the source of a kilogram of cocaine that was seized by federal agents from three individuals one week earlier in Hartford, Connecticut.

On July 24, 1990, Riascos–Prado was charged in a two-count indictment with conspiring to possess with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 846, and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841. On April 2, 1991, Riascos–Prado pled guilty to the conspiracy count. He was sentenced on July 30, 1991 to 180 months imprisonment, to be followed by four years of supervised release.

Represented by new counsel, Riascos–Prado appealed his conviction and sentence on various grounds. He argued that he was provided ineffective assistance of counsel at the proceedings below because his counsel had: (1) failed to refile a suppression motion regarding Riascos–Prado's detention and postarrest statement; (2) failed to explain to Riascos–Prado the consequences of his guilty plea; and (3) inadequately represented Riascos–Prado at his sentencing hearing. Riascos–Prado also contested the amount of cocaine attributed to him in determining the applicable sentencing guidelines range, the two-level enhancement to his base offense level for possession of a firearm, and the district judge's decision to sentence him at the high end of the guidelines range.

This court affirmed Riascos–Prado's conviction and sentence in an unpublished summary order. *United States v. Riascos–Prado*, 962 F.2d 2 (2d Cir.1992) (table). We held that based upon the officers' observations, the initial stop and detention of the vehicle and its occupants were reasonable, and therefore counsel's failure to pursue a motion to suppress Riascos–Prado's postarrest statement as the fruit of an unlawful detention did not constitute ineffective assistance of counsel. We also rejected as meritless Riascos–Prado's contention that his attorney failed to inform him of the consequences of his guilty plea, and inadequately represented him at his sentencing proceeding. In addition, we determined that the district judge's decision to attribute seventeen kilograms of cocaine to Riascos–Prado for purposes of sentencing was not clearly erroneous. Last, we affirmed the district court's two-level enhancement to Riascos–Prado's base offense level for possession of a firearm despite his denials of ownership, and that court's imposition of a sentence at the high end of the guidelines range.

On May 26, 1993, Riascos–Prado filed a *pro se* motion to vacate his sentence pursuant

to 28 U.S.C. § 2255. On June 11, 1993, Riascos–Prado was assigned counsel to represent him, and an amended petition was filed on November 18, 1993. In the amended petition, Riascos–Prado again argued that he was provided ineffective assistance of counsel before the district court based upon the following premises: (1) counsel failed to investigate Riascos–Prado's assertion that his post-arrest statement was involuntary and coerced, and therefore subject to suppression; (2) a conflict of interest prompted counsel to pressure Riascos–Prado to plead guilty; and (3) counsel did not explain the sentencing guidelines to Riascos–Prado at any time prior to the entry of his guilty plea. Riascos–Prado also asserted that the sentencing hearing was unfair and violative of his constitutional rights in that the government breached its discovery obligations under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), by failing to disclose its intent to file a Fed.R.Crim.P. 35(b) motion to reduce Berrios' sentence for her substantial assistance in prosecuting Riascos–Prado if she agreed to testify against Riascos–Prado at his sentencing hearing.

In denying the § 2255 motion, the district court explicitly addressed only the claims of ineffective assistance of counsel, but not the alleged *Brady/Giglio* violation.[1] It ruled that Riascos–Prado could not raise any ineffective assistance of counsel claims in a § 2255 petition because he had previously challenged his counsel's performance on his direct appeal. The district court found that the petition raised factual allegations regarding ineffectiveness that had not been raised or addressed on direct appeal, but concluded that "the factual allegations in the instant petition do not constitute a new 'ground' for relief but merely an effort on the part of the petitioner to relitigate his claim of ineffective assistance of counsel which has already been adversely resolved against him on direct appeal." *Riascos–Prado v. United States*, Criminal No. H–90–54 (AHN), Civil No. 3:93CV–1079

(AHN), slip op. at 4 (D.Conn. July 12, 1994). The district court accordingly dismissed Riascos–Prado's petition without reaching the merits of the claims that it asserted. *Id.*

This appeal followed.

### Discussion

It is clear that " '[s]ection 2255 may not be employed to relitigate questions which were raised and considered on direct appeal.' " *Cabrera v. United States*, 972 F.2d 23, 25 (2d Cir.1992) (quoting *Barton v. United States*, 791 F.2d 265, 267 (2d Cir.1986) (per curiam)); *see also Schlup v. Delo*, —— U.S. ——, —— – ——, 115 S.Ct. 851, 862–63, 130 L.Ed.2d 808 (1995) ("[A] habeas court may not ordinarily reach the merits of successive claims ... absent a showing of cause and prejudice.") (citations and footnote omitted); *Douglas*, 13 F.3d at 46 ("[A]ny claim raised ... at this point that was also raised in [a] previous § 2255 motion[ ] or on direct appeal of [the petitioner's] conviction is precluded from consideration by this Court."); 28 U.S.C. § 2255 ("The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf on the same petitioner.").

As Riascos–Prado's counsel conceded at oral argument, this rule bars consideration of the ineffectiveness claim based upon prior counsel's asserted failure to pursue a suppression motion, since this issue was thoroughly litigated on Riascos–Prado's direct appeal. The district court invoked *Williams v. United States*, 731 F.2d 138, 141 (2d Cir. 1984), *cert. denied*, 469 U.S. 1188, 105 S.Ct. 956, 83 L.Ed.2d 963 (1985), however, to dismiss *all* of Riascos–Prado's claims of ineffective assistance.

In *Williams*, we affirmed the district court's denial of a petitioner's successive § 2255 motion without consideration of its merits, finding that the claim raised in the petition was the same as that asserted in the first petition. In both petitions, the defendant sought to set aside his conviction on the

---

1. We assume that the court rejected the *Brady/Giglio* claim *sub silentio. See Douglas v. United States*, 13 F.3d 43, 47 (2d Cir.1993). In any event, Riascos–Prado proffered only unsubstanti- ated speculation in support of this contention, and accordingly it may not be pursued upon the remand ordered by this opinion.

ground that his guilty plea was entered involuntarily. In the first petition, the defendant argued that his plea was involuntary in that he was misled into believing that the sentencing court would not impose the maximum sentence of life imprisonment if he pled guilty. The district court dismissed the petition on the merits, and we affirmed. *Id.* at 140. The petitioner then filed a second § 2255 petition, claiming that his plea was involuntary because he had not been informed by the district court that if he received a sentence of life imprisonment, he would be statutorily ineligible for parole. *Id.* at 140–41.

We held that although the second petition presented a new factual premise of involuntariness, both petitions offered the same "ground" for relief, i.e., "since [the petitioner] would not have entered his plea of guilty had he known what would ensue, his plea was involuntary." *Id.* at 141–42; *see also Sanders v. United States,* 373 U.S. 1, 16, 83 S.Ct. 1068, 1077–78, 10 L.Ed.2d 148 (1963) ("[I]dentical grounds may often be proved by different factual allegations."); *Lucas v. United States,* 963 F.2d 8, 11 (2d Cir.) (prior claim that plea was involuntary did not preclude later claim that Rule 11 colloquy was deficient), *cert. denied,* —— U.S. ——, 113 S.Ct. 270, 121 L.Ed.2d 199 (1992); *Molina v. Rison,* 886 F.2d 1124, 1129 (9th Cir.1989) ("[A] ground is successive if the basic thrust or 'gravamen' of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal arguments.").

█ Measured against the *Williams* standard, we conclude that Riascos–Prado may not now contend that counsel was deficient for failing to explain the sentencing guidelines to him, because that ground was substantially argued to, and rejected by, this court on Riascos–Prado's direct appeal. In our order of affirmance, we stated that: "We have examined [Riascos–Prado's] arguments regarding his attorney's alleged failure to inform him of the consequences of a guilty plea and have determined them to be without merit." We also rejected a related claim that Riascos–Prado's counsel had represented him ineffectively at the sentencing proceeding. Against this background, Riascos–Prado's

claim that his counsel did not adequately explain the sentencing guidelines to him prior to the entry of his guilty plea is simply a slightly altered rearticulation of a claim that was rejected on his direct appeal.

We reach a different conclusion, however, regarding Riascos–Prado's claim that his counsel had a conflict of interest that resulted in divided loyalties and led him to pressure Riascos–Prado to plead guilty. As explained in an affidavit by Riascos–Prado, his core contention on this issue is that he was unable to provide any additional funds to his counsel, who responded by pressuring him to plead guilty to avoid trying the case without compensation.

In a somewhat parallel case, the Fifth Circuit allowed a *pro se* petitioner to present a new claim regarding ineffective assistance of counsel even though he had contended that counsel was ineffective for different reasons in a prior § 2255 petition. *See Schouest v. Whitley,* 927 F.2d 205, 207–09 (5th Cir. 1991). The court stressed, however, the absence of "any finding below that Schouest had actual knowledge of the new claims he raises in his second petition at the time he filed his first petition." *Id.* at 208. In this case, by contrast, it is unlikely that Riascos–Prado has any new information about his asserted inability to meet his prior counsel's fee demands, and counsel's alleged resulting importunities for Riascos–Prado to plead guilty.

█ The key point, however, is that Riascos–Prado's prior claims of ineffective assistance arose on a direct appeal. As a general rule, if a defendant fails to raise a claim on direct appeal, he is barred from advancing it in a subsequent § 2255 petition unless he can show cause for his procedural default and actual prejudice resulting from the error. *Campino v. United States,* 968 F.2d 187, 190 (2d Cir.1992).

In *Billy-Eko v. United States,* 8 F.3d 111 (2d Cir.1993), however, we created an exception to the *Campino* rule for cases involving claims of ineffective assistance of counsel. Recognizing that such a claim would not likely be made on direct appeal by an attorney who had represented the petitioner at

trial based upon that attorney's own incompetence, and that these claims often require examination of matters outside the district court record, this court joined a number of circuits in pronouncing that ineffective assistance of counsel claims may generally be brought in § 2255 proceedings, rather than by direct appeal. *Id.* at 114. However, we went on to state that in the narrow category of cases "where: (1) the petitioner was represented by new appellate counsel at direct appeal, and (2) the claim is based solely on the record developed at trial," a petitioner is not afforded the opportunity to assert an ineffective assistance claim in a § 2255 proceeding unless he can show both cause for not asserting it on appeal and actual prejudice resulting therefrom. *Id.* at 115. We then stated:

> We expect that there will be few cases in which ineffective assistance claims will be based solely on the record developed at trial, and we also expect that most defendants bringing such claims on § 2255 motions will not find their claims barred. That does not mean, however, that defendants are free to simply exclude ineffective assistance claims on direct appeal, hoping to keep one last arrow in the quiver for collateral attack. Unjustified delay in bringing such claims will still result in a cause and prejudice standard being applied, if those claims could properly have been brought on direct appeal that was taken by new appellate counsel.

*Id.* at 116.

Against this procedural background, it becomes clear that a rule which conflated all claims of ineffective assistance into one legal "ground" for purposes of the *Williams* rule would often leave appellate counsel in a legal quandary. In this case, for example, because Riascos–Prado had new counsel on his direct appeal, that counsel was required, according to *Billy–Eko*, to pursue on direct appeal those claims of ineffectiveness that needed no elaboration of the trial record, such as the suppression issue, but would be permitted by *Billy–Eko* to pursue in a subsequent § 2255 proceeding any ineffectiveness claims that called for a fresh evidentiary showing, such as the conflict issue. If the two claims are

nonetheless deemed one legal "ground" that *Williams* will not allow to be asserted successively, the situation would be entirely unworkable. *Billy–Eko* would permit, and ordinarily (as a practical matter) require, that the claims be brought seriatim and separately, but *Williams* would bar bringing any ineffectiveness claims in the later § 2255 proceeding.

■ Our opinion in *Douglas* supports this reasoning. In that case, faced with several different claims for ineffective assistance of counsel brought under § 2255, including a claim of conflict of interest, we addressed each claim separately, rather than conflating them into one legal "ground." 13 F.3d at 47–49. We therefore conclude that at least in the case of ineffectiveness claims that must be separately pursued under the procedural rules of *Billy–Eko*, those claims constitute separate "grounds" for purposes of the *Williams* rule.

■ The government's counsel noted at oral argument the suggestion in *Billy–Eko* that new appellate counsel call to this court's attention any ineffectiveness claims that counsel deems to require further evidentiary development, thereby allowing this court "to either remand the claim to the district court or leave the defendant to his post-conviction remedies," 8 F.3d at 116, and "protect[ing] the defendant's claim from procedural bar on collateral attack." *Id.* This suggestion was certainly not stated, however, as a mandatory requirement, and such claims are ordinarily pursued by a subsequent § 2255 petition. Further, *Billy–Eko* had not been decided at the time of Riascos–Prado's direct appeal; we can hardly fault his appellate counsel for not anticipating this subsequent guidance.

The government's counsel also suggested that the claims stated in Riascos–Prado's § 2255 petition are so lacking in merit that an evidentiary hearing is clearly not required, and that we should affirm the decision of the district court on that basis. In our view, however, this is a determination that properly falls within the initial purview of the district court.

In summary, we agree with the district court's resolution of Riascos–Prado's ineffec-

tiveness claims except for the claim that his counsel was conflicted, as to which we vacate and remand. In addressing this issue on remand, however, the district court may take into account the subject matter of the other ineffectiveness claims insofar as they may be deemed probative of the alleged conflict. *Cf. Caballero v. Keane,* 42 F.3d 738, 740–41 (2d Cir.1994) (state courts should be afforded opportunity to consider circumstances and cumulative effect of ineffectiveness claims as a whole).

### Conclusion

The order of the district court is vacated and the case is remanded for further proceedings not inconsistent with this opinion.