101 F.3d 685
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
David J. LINDSAY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2859.
 United States Court of Appeals, Second Circuit.
 May 29, 1996.
 
 Before MESKILL and MINER, Circuit Judges, and LASKER,* District Judge.
 APPEARING FOR APPELLANT: David J. Lindsay, pro se, White Deer, PA.
 APPEARING FOR APPELLEE: Barbara D. Cottrell, Assistant United States Attorney for the Northern District of New York, Albany, NY.
 N.D.N.Y.
 AFFIRMED.
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Northern District of New York, it is hereby
 ORDERED, ADJUDGED, AND DECREED that the judgment be and it hereby is AFFIRMED.
 This cause came on to be heard on the transcript of record and was submitted.
 Defendant-appellant David J. Lindsay appeals pro se from a judgment entered in the United States District Court for the Northern District of New York (Cholakis, J.) dismissing his 28 U.S.C. § 2255 motion to vacate his conviction.
 
 
 1
 From 1983 to 1988, Lindsay conducted a drug operation from his tavern, distributing millions of dollars worth of cocaine. He was arrested in February of 1990. In August of 1990, $5,795.12 in currency, which had been seized from Lindsay's residence, was forfeited to the government. In August of 1991, following a jury trial, Lindsay was convicted of managing a continuing criminal enterprise, in violation of 21 U.S.C. § 848, conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841 and 846, possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841, possession of a firearm with an obliterated serial number, in violation of 26 U.S.C. §§ 5842, 5861(h), and 5871, possession of three unregistered silencers, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871, fourteen counts of using a firearm in relation to a drug-trafficking offense, in violation of 18 U.S.C. § 924(c), and forfeiture of real property under 21 U.S.C. § 853. The district court sentenced Lindsay to a 720-month term of imprisonment, a 17-year term of supervised release, and a $1050 special assessment.
 
 
 2
 On appeal, we affirmed Lindsay's conviction in part, reversed and dismissed in part, and remanded for resentencing. United States v. Lindsay, 985 F.2d 666 (2d Cir.), cert. denied, 114 S.Ct. 103 (1993). Lindsay's resentencing did not affect the term of imprisonment originally imposed.
 
 
 3
 In May of 1995, Lindsay moved pro se in the district court, pursuant to § 2255, to vacate his conviction. Lindsay contended that: 1) his conviction was barred by the Double Jeopardy Clause due to the prior forfeiture of his $5795.12 in currency; 2) his counsel provided ineffective assistance; 3) the trial court did not have jurisdiction over the § 924(c) counts because the government did not demonstrate a nexus between the violations and interstate commerce; and 4) a conspiracy between the prosecutor and prosecution witnesses to bring forth false testimony deprived him of a fair trial. The district court denied the motion, and judgment was entered on November 6, 1995. This appeal followed.
 
 
 4
 Lindsay argues that double jeopardy bars his conviction because the forfeiture of his currency constituted a prior punishment for the same offense. We reject this contention. "As a general rule, if a defendant fails to raise a claim on direct appeal, he is barred from advancing it in a subsequent § 2255 petition unless he can show cause for his procedural default and actual prejudice resulting from the error." Riascos-Prado v. United States, 66 F.3d 30, 34 (2d Cir.1995). In the present case, Lindsay is barred from raising his double jeopardy claim because he did not raise it on direct appeal. Lindsay also cannot demonstrate actual prejudice from his failure to raise the claim, because a valid administrative forfeiture does not constitute punishment under the Double Jeopardy Clause. See United States v. Idowu, 74 F.3d 387, 395 (2d Cir.1996). In Idowu, we held that, where a petitioner has not satisfied the statutory requirements for judicial condemnation, jeopardy does not attach. Id. at 395. Because Lindsay only filed an administrative petition for remission of the forfeiture and did not file a claim and bond in accordance with the requirements of 19 U.S.C. § 1608, he cannot claim that jeopardy attached.
 
 
 5
 We also reject Lindsay's argument that his counsel rendered ineffective assistance. In order to demonstrate ineffective assistance of counsel, a defendant must demonstrate "(1) that his attorney's performance fell below an 'objective standard of reasonableness,' and (2) that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " Kieser v. New York, 56 F.3d 16, 18 (2d Cir.1995) (quoting Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984)).
 
 
 6
 Lindsay fails to show that his counsel's performance was deficient. For instance, Lindsay argues that his counsel failed to challenge the trial court's failure to include in the jury charge that a continuing criminal enterprise requires at least 150 kilograms of cocaine. However, neither 21 U.S.C. § 848(c), which defines a continuing criminal enterprise, nor the offenses underlying the continuing criminal enterprise in this case requires 150 kilograms of cocaine as an element. See United States v. Campuzano, 905 F.2d 677, 679 (2d Cir.), cert. denied, 498 U.S. 947 (1990). Lindsay also contends that his counsel provided ineffective assistance because counsel failed to develop a public authority defense at trial. However, trial testimony showed that Lindsay never received authorization to sell cocaine. Therefore, a public authority defense was meritless, and counsel's refusal to develop it did not constitute ineffective assistance. Lindsay's other claims of deficient performance by counsel similarly are meritless.
 
 
 7
 We have considered Lindsay's remaining contentions, and we find them all to be without merit.
 
 
 
 *
 The Honorable Morris E. Lasker of the United States District Court for the Southern District of New York, sitting by designation