James R. GREEN,

v.

UNITED STATES of America, Respondent.

Nos. 98 Civ. 0090(BDP), 95 CR. 0057(BDP).

United States District Court, S.D. New York.

July 8, 1998.

James R. Green, Montgomery, PA, pro se.

Barbara Guss, Asst. U.S. Attorney's Office, White Plains, NY, for Respondent.

### MEMORANDUM and ORDER

PARKER, District Judge.

By Petition docketed November 14, 1997, James R. Green seeks to vacate his conviction and sentence imposed November 3, 1995 under a multiple count indictment charging him, *inter alia*, with conspiracy to commit wire fraud, interstate transportation of stolen goods, mail fraud, and conducting financial transactions to conceal the source of proceeds of illegal activities. *See* 28 U.S.C. § 2255.

On March 7, 1996, this Court sentenced Green to 72 months in prison followed by three years supervised release. This Court also imposed restitution of $450,000 and a mandatory special assessment of $850. Green appealed his conviction and sentence to the Court of Appeals which affirmed on November 14, 1996.

In this Petition, Green contends that he received ineffective assistance of counsel at trial, at sentencing, as well as on appeal. However, he fails to meet the test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) as he has not shown that his counsel's performance "fell below an objective standard of reasonableness" or that there is a "reasonable probability" that, but for counsel's error, the outcome would have been different at any stage of the proceedings. *Id.* at 684, 674, 104 S.Ct. 2052.

This Petition is largely a rehash of the matters that Green raised on direct appeal and which were rejected. Specifically, the Court of Appeals addressed and rejected Green's claim of ineffective assistance of counsel at trial finding that "Green was convicted on the basis of extensive evidence, including not only testimony of multiple accomplices, but also corroborating testimony by third parties and documentary evidence. This evidence was compounded by Green's own testimony at trial, which the trial judge characterized as perjurious. In this context, any errors by Green's trial counsel were harmless." (Slip. Op. at 6) It is well settled in this Circuit that a prisoner may not use a Section 2255 petition "to relitigate questions that were raised and considered on direct appeal," *Riascos–Prado v. United States*, 66 F.3d 30, 33 (2d Cir.1995); *Cabrera v. United States*, 972 F.2d 23, 25 (2d Cir.1992).

With respect to ineffective assistance of counsel at sentencing, Green's primary contention is not that his sentence exceeded the applicable statutory maximum or was otherwise illegal, rather that the Court misapplied the sentencing guidelines. Green fails to demonstrate why this matter was not raised on direct appeal. In any event, it is well settled that a collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction, or an error

of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice. *Femia v. United States*, 47 F.3d 519, 525 (2d Cir.1995); *Lucas v. United States*, 963 F.2d 8 (2d Cir.1992). None of the alleged errors in guideline computations relied on by Green in support of his contention that his new counsel was ineffective at sentencing, considered either singly or in the aggregate, meets this standard. *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995); *Graziano v. United States*, 83 F.3d 587 (2d Cir.1996).

Finally, Green claims that his counsel on appeal was ineffective. In support of this claim he alludes to many of the same issues that his counsel allegedly failed to pursue at trial and at sentencing. Under *Strickland,* a prisoner must show cause and prejudice in order to succeed on a claim of ineffective assistance of counsel. *Strickland,* of course, applies to claims of ineffective assistance of appellate as well as trial counsel. *See Mayo v. Henderson,* 13 F.3d 528, 533 (2d Cir.1994).

In an effort to show that appellate counsel's failure to raise claims constitutes a constitutionally deficient performance, it is not sufficient merely to show that counsel omitted a non-frivolous argument, for counsel does not have a duty to advance every non-frivolous argument that could be made. *See Jones v. Barnes*, 463 U.S. 745, 754, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). However, a petitioner may establish a constitutionally inadequate performance if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.

That test has not been met here as Green has shown neither "cause" nor "prejudice." Each of the omissions claimed by Green on the part of his appellate counsel involves issues that are insubstantial or frivolous. Specifically, Green claims that appellate counsel was ineffective for his failure to raise six claims. Since each of them was without merit, appellate counsel was not ineffective in failing to pursue them. Specifically (1) co-conspirator's statements were not improperly admitted; (2) statements outside the time of the conspiracy were not properly admitted; (3) statements by co-conspirator were not properly admitted; (4) the calculation of loss and enhancement for obstruction of justice and more than minimal planning were proper; (5) it would have been futile for counsel to seek suppression of Green's statements to the IRS or dismissal of the count; and (6) the wire fraud and money laundering convictions were supported by the evidence. In sum, since appellate counsel did nothing demonstrably improper, Green falls substantially short of making the showing required by *Strickland* since he has not shown "that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687, 104 S.Ct. 2052.

## CONCLUSIONS

For the reasons set forth herein and in the government's memorandum filed March 5, 1998, the Petition, in all respects, is denied. The Clerk shall file a final judgment dismissing the Petition. The Court determines that since any appeal from the dismissal of this Petition would be meritless, the Court would decline to issue a Certificate of Appealability. *See* 28 U.S.C. 2253(c)(1). Nor would the Court grant *in forma pauperis* status. *See* 28 U.S.C. § 1915.

**SO ORDERED.**