**Oreste ABBAMONTE, Jr.,
Petitioner–Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

**Docket No. 98–2165**

United States Court of Appeals,
Second Circuit.

Argued Oct. 26, 1998.

Decided Nov. 23, 1998.

John L. Pollok, New York, New York (Michael S. Pollok, Hoffman Pollok & Pickholz LLP, New York, New York, on the brief), for Petitioner–Appellant.

Steven P. Heineman, Assistant U.S. Attorney, New York, New York (Mary Jo White, United States Attorney for the Southern District of New York, Dietrich L. Snell, Assistant U.S. Attorney, New York, New York, of counsel), for Respondent–Appellee.

Before: FEINBERG, VAN GRAAFEILAND and LEVAL, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

Oreste Abbamonte, Jr. appeals from an order of the United States District Court for the Southern District of New York (Carter, J.) denying Abbamonte's petition pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence because of alleged ineffective assistance of his trial counsel. The district court held that, because Abbamonte had argued ineffective assistance of counsel without success on his direct appeal, he was barred procedurally from making the same argument, albeit on new grounds, in the § 2255 petition since he had not demonstrated cause for failing to argue those grounds on appeal and prejudice from that failure. For the reasons that follow, we vacate and remand.

On August 26, 1986, Abbamonte, an inmate at Lewisburg Federal Correctional Institute, was charged in a multi-count indictment that centered around a heroin trafficking enterprise. Count One charged Abbamonte with a conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846. Count Three charged Abbamonte with operating a Continuing Criminal Enterprise ("CCE") in concert with at least five other people with respect to whom he occupied the position of organizer, supervisor and manager, in violation of 21 U.S.C. § 848. Five other counts charged Abbamonte with substantive heroin distribution violations. On November 12, 1986, the jury convicted Abbamonte of Counts One and Three and two of the five heroin distribution counts. On January 15, 1987, Judge Carter sentenced Abbamonte to life imprisonment for the CCE offense and imposed concurrent forty-year prison terms for the other three counts. On January 16, 1987, Judge Carter corrected the judgment and ordered that the Count One sentence run consecutively after the prison term that Abbamonte already was serving for a 1983 narcotics conviction.

Represented by new counsel, Abbamonte appealed his conviction on several grounds. He contended, among other things, that conversations taped at Lewisburg should have

been suppressed, that there was insufficient evidence that he organized, supervised or managed five persons for the purposes of establishing the CCE, and that he was denied effective assistance of counsel when the court denied his motion for a trial adjournment. We affirmed Abbamonte's conviction in *United States v. Amen,* 831 F.2d 373 (2d Cir.1987), *cert. denied,* 485 U.S. 1021, 108 S.Ct. 1573, 99 L.Ed.2d 889 (1988). We held that the tapes were correctly admitted and that the evidence was sufficient for the CCE conviction. *Id.* at 380. We held also that Abbamonte was not deprived of the effective assistance of counsel when the court refused to grant a continuance to give counsel more time to prepare for trial. *Id.* at 383.

On April 23, 1997, Abbamonte filed a § 2255 petition in which he sought to vacate his CCE conviction because of alleged ineffective assistance of counsel during the trial itself. Abbamonte based his petition on "newly discovered evidence," namely a 1997 affidavit of his trial counsel, Jonathan Boxer, in which Boxer asserted a personal and professional collapse during Abbamonte's trial.

In his affidavit, Boxer described how he was subpoenaed to appear before the grievance committee and threatened with disbarment for his mishandling of an estate matter a few months before he undertook Abbamonte's defense. His tale of woe continued. His law partnership was experiencing financial strain, and consequently, he did not work at his office. His personal life was in extreme disarray. He had been married twice and at the time of Abbamonte's trial he was living with a drug-abused alcoholic who kept him up late with her partying lifestyle, thus preventing him from preparing for trial the next day. Child support payments and his own profligate lifestyle strained Boxer's finances. He believed that he was under government surveillance and he was required to testify for the Government in a criminal trial involving one of his former clients. He reviewed the Government's 3500 material and prepared his cross-examinations from day to day during the trial. According to Boxer, he felt like he was "going crazy" and consequently, he essentially ignored Abbamonte's trial. His affidavit further asserted that, because of a fee dispute with Abbamonte, he refused to argue on Abbamonte's behalf at the sentencing.

Abbamonte contends that he was deprived of effective assistance of counsel due to Boxer's problems. He asserts that Boxer did not investigate the case or otherwise prepare for trial and failed to make critical objections and arguments because of his lack of preparation and focus throughout the trial. He argues specifically that, if Boxer had challenged properly the Government's evidence of Abbamonte's supervision and management of others in the narcotics conspiracy and had interviewed key witnesses, there was a reasonable probability he would have been acquitted of the CCE charge.

In denying the § 2255 petition, the district court concluded without an evidentiary hearing that the ineffective assistance claim was procedurally barred. The court pointed out that this Court already had ruled that the evidence was sufficient for the CCE conviction and that Abbamonte's receipt of effective assistance of counsel was demonstrated in the trial record. The district court held that, because Abbamonte did not show justification for failing to make the current arguments for his ineffectiveness claim, the claim was procedurally barred. The court also concluded that the "underlying facts detailed in trial counsel's affidavit were certainly known to petitioner at the time of his appeal...." *United States v. Abbamonte,* 97 Civ. 2922(RLC) (S.D.N.Y. January 12, 1998). Finally, the court ruled that there was no *per se* Sixth Amendment violation because Boxer was licensed to practice law and was not implicated in Abbamonte's crime.

■■■ As a general rule § 2255 petitioners may not raise on collateral review a claim previously litigated on direct appeal. *Riascos–Prado v. United States,* 66 F.3d 30, 33 (2d Cir.1995). "[T]he failure to raise a particular ground on direct appeal will bar consideration of that claim in a § 2255 motion unless the movant can show that there was cause for failing to raise the issue, and prejudice resulting therefrom." *Douglas v. United States,* 13 F.3d 43, 46 (2d Cir.1993).

■■■ However, experience has shown that the general rule cannot always be applied

fairly to petitioners seeking relief based upon ineffective assistance of counsel which often "requires consideration of matters outside the record on direct appeal." *Billy–Eko v. United States,* 8 F.3d 111, 114 (2d Cir.1993). Moreover, when a defendant is represented on appeal by the same attorney who represented him on the trial, the attorney is not inclined to seek out and assert his own prior ineffectiveness. *Id.* Accordingly, a § 2255 petitioner is required to show "cause and prejudice" for not raising the ineffective assistance claim on direct appeal only if "(1) the petitioner was represented by new appellate counsel at direct appeal, and (2) the claim is based solely on the record developed at trial." *Id.* at 115.

The foregoing principles apply even when a § 2255 petitioner previously had raised an ineffective assistance claim on direct appeal, so long as the § 2255 ineffective assistance claim is based on different grounds. As this Court concluded in *Riascos–Prado, supra,* 66 F.3d at 35, conflating all ineffective assistance claims even if based on different arguments into one legal "ground" would defeat the purpose behind the *Billy–Eko* rule.

On his direct appeal, Abbamonte contended that he received ineffective assistance from Boxer because the district court denied a continuance which would have given Boxer additional time to prepare for trial. In his § 2255 petition, Abbamonte now argues that he was deprived of effective assistance of trial counsel because of complete chaos that surrounded Boxer's personal and professional life during the time of Abbamonte's trial and because of Boxer's reaction to a fee dispute. This information was not in the trial record. Accordingly, *Billy–Eko* instructs that this claim is properly raised for the first time in a § 2255 petition. *Billy–Eko,* 8 F.3d at 115–16.

The Government argues that Abbamonte's present ineffective assistance claim is not different from the one made on direct appeal but instead is the same claim dressed in new clothes. We disagree. On direct appeal our concern was whether the district court's denial of an adjournment deprived Abbamonte of effective assistance. The claim now raised is that, for personal reasons in ways that do not appear in the trial record, Abbamonte's counsel did not do counsel's job. We make no comment on the validity of this claim but decide only that it is substantially different from the claim Abbamonte asserted on appeal. *See Riascos–Prado,* 66 F.3d at 34.

The order of the district court is vacated and the case is remanded for further proceedings not inconsistent with this opinion.