Vincent GRAFF, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 98–CV–0256 (ADS).

United States District Court,
E.D. New York.

June 25, 2003.

Vincent Graff, Minersville, PA, Petitioner, pro se.

Roslynn R. Mauskopf, United States Attorney, EAstern District of New York by Bonnie S. Klapper, Assistant United States Attorney, Central Islip, NY, for Respondent.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The petitioner Vincent Graff ("Graff") moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence arising from his 1996 conviction in this Court. For the reasons stated below, Graff's motion is denied.

On March 1, 1996, after a jury trial in this Court, Graff was convicted of conspiracy to commit bank fraud and two counts of bank fraud, in violation of 18 U.S.C. §§ 371, 1344. Graff's convictions stemmed from his involvement with Revere Armored Car Services ("Revere"), a courier service which transported and stored money for banks and other commercial customers. Along with his co-defendants Robert Scaretta and Susanna Scaretta, who owned Revere and misrepresented the monetary amounts actually held in the facility, "Graff participat[ed] in the fraudulent audits, the pooling of funds, and altering of labels on money stacks, as well as his role in misleading customers when they lodged complaints, and [directed] the destruction of evidence upon Revere's closing." *United States v. Scaretta, et al.*, 111 F.3d 124, 1997 WL 165379, at *5 (2d Cir. 1997). The Court sentenced Graff to fifty-seven months' imprisonment, five years supervised release, and $25,000.00 restitution.

Graff directly appealed his conviction to the Court of Appeals for the Second Circuit ("Second Circuit"), alleging that: (1) the destruction of records, which were under the government's control and supposedly contained exculpatory evidence, violated his due process rights; (2) the evidence was insufficient to support the verdicts; (3) he was denied effective assistance of counsel; (4) this Court erred in failing to give a multiple conspiracies charge; and (5) this Court improperly enhanced his sentence. On April 2, 1997, the Second Circuit affirmed his conviction, finding that: (1) the government was not aware of any exculpatory documents and it did not act in bad faith; (2) this Court correctly sentenced him; (3) the

evidence was sufficient to support the verdict; (4) his Sixth Amendment right to counsel was not deprived because his attorney's performance did not fall outside the objective standard of reasonableness and Graff did not prove that he was prejudiced by his attorney's conduct. *Scaretta,* 111 F.3d 124, 1997 WL 165379, at *2–7.

On December 31, 1997, Graff filed the instant motion, alleging that (1) he received ineffective assistance of counsel at trial; (2) the evidence was insufficient to support the verdict; (3) the Court improperly sentenced him; and (4) his appellate counsel was ineffective for failing to argue that the evidence did not support a sentence enhancement and for not adequately researching an argument that trial counsel was ineffective. Graff also requests discovery materials, an evidentiary hearing, that the Court appoint counsel, and allow him to proceed *in forma pauperis.*

## DISCUSSION

It is well settled that a Section 2255 motion is not a substitute for direct appeal. *United States v. Frady,* 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982); *United States v. Munoz,* 143 F.3d 632, 637 (2d Cir.1998). Nor can a Section 2255 motion be used to " 'relitigate questions which were raised and considered on direct appeal.' " *United States v. Sanin,* 252 F.3d 79, 83 (2d Cir.2001) (quoting *Cabrera v. United States,* 972 F.2d 23, 25 (2d Cir.1992)); *see also Riascos–Prado v. United States,* 66 F.3d 30, 33 (2d Cir. 1995). If a petitioner raises an issue that was addressed on direct appeal, the Court may find it procedurally barred in a subsequent Section 2255 motion. *Sanin,* 252 F.3d at 83. " 'Reconsideration is permitted only where there had been an intervening change in the law and the new law would have exonerated a defendant had it

been in force before the conviction was affirmed on direct appeal.' " *Id.* (quoting *Chin v. United States,* 622 F.2d 1090, 1092 (2d Cir.1980)).

In addition, "Section 2255 claims not raised on direct review are procedurally barred unless they raise constitutional or jurisdictional claims, or result in a 'complete miscarriage of justice.' " *Johnson v. United States,* 313 F.3d 815, 817 (2d Cir. 2002) (quoting *Graziano v. United States,* 83 F.3d 587, 590 (2d Cir.1996)). A petitioner seeking to raise a claim in his Section 2255 motion that he did not raise on direct appeal must show "cause and prejudice" or a "fundamental miscarriage of justice" for his failure to do so. *Frady,* 456 U.S. at 167, 102 S.Ct. 1584 (citing *Davis v. United States,* 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216(1973)); *Munoz,* 143 F.3d at 637.

One exception to this procedural default rule is for claims of ineffective assistance of counsel. Such claims may be brought in a Section 2255 proceeding whether or not the petitioner could have raised them on direct appeal. *Massaro v. United States,* —— U.S. ——, 123 S.Ct. 1690, 1696, 155 L.Ed.2d 714 (2003). In *Massaro,* the Supreme Court held that claims of ineffective-assistance-of-counsel not raised on direct appeal may be brought in a Section 2255 motion. However, the Court stated that Section 2255 motions are not the only forum for ineffective-assistance claims:

We do not hold that ineffective-assistance claims *must* be reserved for collateral review. There may be cases in which trial counsel's ineffectiveness is so apparent from the record that appellate counsel will consider it advisable to raise the issue on direct appeal. . . . We do hold that failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being

brought in a later, appropriate proceeding under § 2255.

*Id.* (emphasis added).

■ Here, Graff raised ground numbers one (ineffective assistance of counsel at trial), two (insufficient evidence) and three (improper sentence), on his direct appeal. The Second Circuit rendered a thorough opinion which addressed each of his contentions. *See Scaretta,* 111 F.3d 124, 1997 WL 165379, at * 4–7. In his Section 2255 motion now before the Court, Graff does not raise any new points of law which could lead this Court to reconsider the claims. Thus, grounds two (insufficient evidence) and three (improper sentence) are barred and the Court will not review them. With respect to Graff's ineffective assistance of counsel claims for trial and appellate counsel, the Court will review the appellate counsel claim only. Notably, Graff's contentions regarding his trial counsel are the same in both his direct appeal and the instant motion. To that extent, the Court will not address, or relitigate the claim. *See Sanin,* 252 F.3d at 83. However, the ineffective assistance of appellate counsel claim, which was not raised on direct appeal, is not procedurally barred and thus the Court may consider it.

**A. As to Graff's Claim of Ineffective Assistance of Counsel on Direct Appeal**

Graff contends that his appellate counsel: (1) did not present his strongest arguments for appeal; and (2) did not effectively research Second Circuit law. Specifically, he argues that appellate counsel failed to challenge the sufficiency of the evidence which allowed this Court to increase his prison term under the Sentencing Guidelines. Additionally, he asserts that appellate counsel should not have advanced an "alcoholism *per se* " argument regarding trial counsel's perfor-

mance, because there is no Second Circuit precedence on that issue.

■ In order to prevail on an ineffective assistance of counsel claim, a petitioner must establish that his counsel performed deficiently and that the deficiency caused actual prejudice to his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Dunham v. Travis,* 313 F.3d 724, 730 (2d Cir. 2002). Under the first prong, the court must "indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052. The petitioner may prove the deficiency prong by establishing that his attorney's conduct fell "outside the wide range of professionally competent assistance," *id.* at 690, 104 S.Ct. 2052, and establish prejudice by showing a "reasonable probability" exists that, but for the deficiency, "the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. "A reasonable probability is one sufficient to undermine confidence in the outcome of the trial or appeal." *Dunham,* 313 F.3d at 730 (citing *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052). Also, the Second Circuit has instructed that a reviewing court should be "highly deferential" to counsel's performance, because " 'it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.' " *Pratt v. Greiner,* 306 F.3d 1190, 1196 (2d Cir.2002) (quoting *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052). This two-prong test applies to the evaluation of appellate counsel as well as trial counsel. *Aparicio v. Artuz,* 269 F.3d 78, 95 (2d Cir.2001); *see also Clark v. Stinson,* 214 F.3d 315, 318 (2d Cir.2000); *Mayo v. Henderson,* 13 F.3d 528, 533 (2d Cir.1994).

■ In attempting to demonstrate that appellate counsel's failure to raise a

claim constitutes deficient performance, it is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument. *Jones v. Barnes,* 463 U.S. 745, 754, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). An appellate counsel who files a brief on the merits of a criminal appeal need not raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success. *Smith v. Robbins,* 528 U.S. 259, 288, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000) (citing *Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983)). A petitioner may establish constitutionally inadequate performance if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker. *Clark,* 214 F.3d at 322; *Mayo,* 13 F.3d at 533.

### (1) As to the Alleged Failure to Present an Improper Sentence Claim

Graff argues that appellate counsel failed to challenge the sufficiency of the evidence which allowed this Court to increase his prison term under the Sentencing Guidelines. This argument is without merit because appellate counsel raised this issue in the direct appeal, and the Second Circuit gave a lengthy explanation as to why Graff's sentence was proper:

> Given Graff's extensive participation in the scheme, the district court's finding of foreseeability was not clearly erroneous. Graff received off-the-books payments, participated in gambling trips, covered up Revere's fraudulent practices in conversations with customers, joined in moving stacks of money from one bank vault to another before audits, and altered labels on funds to defraud auditors. We cannot quarrel with the district court's view that he must have been aware that vast sums of money were being taken.

Similarly, Graff's claim that the district court erred in upwardly adjusting his sentence because Graff acted as a "manager or supervisor," Guidelines § 3B1.1(b), also fails. Ample evidence supports the district court's finding. Graff was in charge in the Scarettas' absence; he directed other Revere employees in pooling currency from various bank vaults during audits; he instructed employees to deliver cash payments to pay contractors for various work; and he instructed employees to erase cash payroll records from the computer on the day the FBI closed Revere. Graff's actions show that he organized Revere workers to further the fraudulent scheme, warranting a managerial role adjustment under Section 3B1.1(b). *See United States v. Leonard,* 37 F.3d 32, 38 (2d Cir.1994).

*Scaretta,* 111 F.3d 124, 1997 WL 165379, at *5. Graff has not presented any arguments that would change the Second Circuit's findings. Accordingly, Graff's ineffective assistance of appellate counsel claim regarding failure to argue improper sentence enhancement is denied.

### (2) As to the Alleged Failure to Adequately Conduct Research

Graff contends that his appellate counsel did not effectively research Second Circuit law because appellate counsel argued "alcoholism *per se* " to show that his trial counsel was ineffective; and this theory had no precedent. Graff's claim is meritless. The Second Circuit found that Graff's trial counsel was not ineffective, and that Graff did not show that trial counsel's performance had caused him prejudice in light of the "ample evidence [that tied] Graff to the overall bank fraud scheme." *Scaretta,* 111 F.3d 124, 1997 WL 165379, at *7. Thus, appellate counsel's use of an "alcoholism *per se* " defense did not likely affect the outcome of Graff's appeal.

Graff has not demonstrated that his appellate counsel's performance was objectively unreasonable or that he suffered prejudice as a result. Accordingly, Graff's entire ineffective assistance of appellate counsel claim is denied.

## B. As to Graff's Remaining Motions and Requests

Graff also asks the Court for discovery materials, an evidentiary hearing, appointed counsel, and that he be allowed to proceed *in forma pauperis.*

Upon review of Graff's *in forma pauperis* application, the Court determines that his financial status qualifies him to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1). Accordingly, Graff's request to proceed *in forma pauperis* is granted. Because the Court finds that Graff's claims are without merit, Graff's request for discovery materials and an evidentiary hearing are denied.

 Regarding Graff's request for appointed counsel, the Criminal Justice Act provides: "Whenever the United States magistrate or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who … is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2)(B). The Second Circuit has articulated several factors for determining whether to appoint counsel to an indigent civil litigant pursuant to 28 U.S.C. § 1915(e). Those factors are helpful in determining whether to appoint counsel in the habeas corpus context, and they include: the petitioner's likelihood of success on the merits; the complexity of the legal issues raised by the petition; and the petitioner's ability to investigate and present the case. *See Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir.1986); *see also Wenger v. Canastota*

*Cent. Sch. Dist.*, 146 F.3d 123, 125 (2d Cir.1998).

As explained above, the Court finds that Graff's ineffective assistance of appellate counsel claim is without merit. Also, reviewing the standard at issue, the appointment of counsel is not warranted, and Graff's request is denied.

## CONCLUSION

For the foregoing reasons, Graff's application to proceed *in forma pauperis* in this action is GRANTED. Also, Graff's Section 2255 motion to vacate, set aside or correct his sentence is DENIED. In addition, Graff's requests for appointment of counsel, discovery materials, and an evidentiary hearing are DENIED.

Pursuant to Fed. R.App. P. 22(b) and 28 U.S.C. § 2253(c)(2), a certificate of appealability is denied, as Graff has not made a substantial showing of a denial of a constitutional right. *Miller–El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003); *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983); *Lucidore v. New York State Div. Of Parole*, 209 F.3d 107, 112 (2d Cir.2000).

The Clerk of the Court is directed to close this case.

**SO ORDERED.**